Donna ANGLE, Plaintiff-Appellant,

v.

SKY CHEF, INC., a corporation, et al.,
Defendants-Appellees,

Fidelity & Casualty Company of New
York, Intervenor-Appellee.

No. 74-2817.

United States Court of Appeals,
Ninth Circuit.

April 27, 1976.

Kenneth W. Rosenthal (argued), of Rosenthal & Leff, San Francisco, Cal., for plaintiff-appellant.

Samuel D. Davis (argued), of Bronson, Bronson & McKinnon, San Francisco, Cal., for defendants-appellees.

OPINION

Before BARNES, BROWNING and WRIGHT, Circuit Judges.

BARNES, Circuit Judge:

Plaintiff, an airline stewardess, seriously injured her back when she fell while attempting to open a buffet door on an American Airlines flight. Plaintiff brought this suit against Sky Chef, Inc., Sky Gallies, Inc., and the Boeing Corporation. In a jury trial, judgment was entered in favor of all three defendants. Thereupon, plaintiff has appealed to this Court against all defendants, except Boeing.

Jurisdiction in the district court was based on diversity of citizenship of the parties, and that the amount in controversy exceeded $10,000. 28 U.S.C. § 1332(a). This Court has jurisdiction to determine the appeal pursuant to 28 U.S.C. § 1291.

On appeal, plaintiff alleges three grounds for reversal: (1) that the district court abused its discretion in denying plaintiff's motion for a new trial upon the contention that the jury verdict was contrary to the clear weight of the evidence; (2) that the district court abused its discretion in denying plaintiff's motion to amend the pretrial order to reinstate strict liability in tort as a

cause of action against defendant Sky Gallies; (3) that prejudicial error was committed when the district court denied plaintiff's motion for a new trial based upon the court's refusal to give a proposed jury instruction.

The undisputed facts are that plaintiff has been a stewardess for American Airlines since 1963, and that on the morning of April 14, 1970, she was one of a series of stewardesses assigned to a Boeing 707 owned by American Airlines. The aircraft had been manufactured by the Boeing Corporation. Boeing had installed certain food buffets on board the aircraft. These buffets were manufactured by defendant Sky Gallies, Inc. The food in the buffet was prepared and loaded by defendant, Sky Chef, Inc. At some time after the aircraft was in the air, plaintiff was injured while attempting to open the sliding doors on the lower portion of the buffet galley.

Plaintiff's theory of liability as against Sky Chef was negligence. She claims that after the initial loading of meals she undertook to verify the meal count, which requires opening the buffets and physically counting the meals in each. Thereupon, she discovered that the lower door of the buffet was stuck. She then allegedly informed an unidentified Sky Chef's employee about the door and also requested that he verify that the required number of meals were in that buffet. Plaintiff then contends that the employee later informed her that the required number of meals were in the buffet and that she was to use that particular buffet first.

Plaintiff submits that during flight, she attempted to open this buffet door, that it was stuck, and that she fell backwards when her hands slipped out of the door's recessed-cup handle. She contends that a Sky Chef's employee was the last person to touch the door and thus was responsible for her injury. Alternatively, she argues that the Sky Chef's employee undertook to fix the door and did not, but inferentially led plaintiff to believe that he had.

Plaintiff's case against Sky Gallies, Inc. rests on the contention that the locking device which kept the double doors of the buffet from sliding sideways were in such a position that the outer door could slide over the lock, binding the two doors together. Plaintiff argues that this occurrence was due to Sky Gallies', the manufacturer of the subject buffet door latch, breaching its warranty of fitness in that its latch was defectively designed and not fit for its intended purpose.

The jury returned a general verdict in favor of all defendants and a special verdict finding plaintiff's employer, American Airlines, negligent and responsible for her injury. C.T. 308–12.

Thereupon, plaintiff moved for a new trial on the basis that the jury verdict was against the clear weight of the evidence. In denying plaintiff's motion, the district judge stated:

"As to the first issue [regarding defendant Sky Gallies' liability]—the Court finds that the evidence produced was in conflict. The jury was told by plaintiff's expert, Professor De Garmo, that the latch was of very poor design; defense experts, one of whom was the designer of the latch, testified that the latch was adequate and of an acceptable design. All experts admitted that there was no functional purpose in the latch's depression beyond 90 degrees but that fact was not, however, conclusively shown to result in jammed doors . . . .. The Court concludes that the jury had sufficient expert evidence to support a finding that the latch was not of defective design.

"Plaintiff argues that testimony indicating that the doors frequently stuck was also conclusive evidence of poor latch design. Evidence showed, however, that the frequency with which the doors stuck and the reasons for their sticking were both matters of some dispute . . . ..

"The plaintiff argues that, if the latch was not faulty, and since the door was jammed when Mr. Nally came back to fix it, *someone* must have jammed the door before Mrs. Angle touched it. The last person to use or touch the buffet door

before take-off, according to testimony, was Mr. Moschino, a Sky Chef employee. Plaintiff concludes that because Mr. Moschino was the last to touch the door before Mrs. Angle attempted to open it that therefore he must have jammed it. This conclusion is a purely inferential conclusion and is not the only conclusion that the jury could have drawn.

"Faced with the facts presented to it, the jury could have concluded that Mr. Moschino did in fact negligently jam the door; it could have concluded that Mrs. Angle, in attempting to open the door, somehow jiggled and jammed the latch herself; it could have concluded that, as a result of the stewardesses' failure to follow the flight manual instructions to latch and secure the doors before take-off, air vibration might have jammed the closed (but not latched) doors during flight; it could have concluded that the doors jammed because of poor maintenance and upkeep by American Airlines. "The jury found in answers to special interrogatories that American Airlines was negligent and that plaintiff was not. Plaintiff argues that because American Airlines' negligence cannot be imputed to plaintiff, the jury had to find (or should have found) a concurrent cause for the jammed door. Such a finding by the jury is not necessary; simply because American's negligence is not imputable to plaintiff does not mean that *ipso facto* there must have been *another* reason why the door jammed. American's negligence *alone* might well have been sufficient to cause the accident. On the basis of the evidence, the jury's conclusion that only American was negligent at the time of the incident was a reasonable conclusion and should not be overturned."

C.T. 394–97 (emphasis in original).

Plaintiff seeks review of the district court's denial of her motion for a new trial on the ground that the jury verdict was contrary to the great weight of the evidence. "Such a motion is addressed to the sound discretion of the trial court, to be set aside only upon a showing of clear abuse."

*Bergeron v. Central Freight Lines, Inc.*, 504 F.2d 889, 890 (5th Cir. 1974); *see Fireman's Fund Insurance Company v. Aalco Wrecking Company, Inc.*, 466 F.2d 179, 187 (8th Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); *Scates v. Isthmian Lines, Inc.*, 319 F.2d 798, 799 (9th Cir. 1963); *see also Minthorne v. Seeburg Corporation*, 397 F.2d 237, 244 (9th Cir. 1968), *cert. denied*, 397 U.S. 1036, 90 S.Ct. 1354, 25 L.Ed.2d 647 (1970). In applying this principle, it must be remembered that "[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Tennant v. Peoria & Pekin Union Railway Co.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520, 525 (1944). Thus, while the trial judge has an obligation to intervene in appropriate cases, "the jury's verdict should be accepted if it is one which could reasonably have been reached." *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir.), *cert. denied*, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967).

■ A review of the record indicates that the district judge did not abuse his discretion in denying plaintiff's motion for a new trial. Evidence regarding the liability of both Sky Chef and Sky Gallies was in conflict. Taking all of the evidence along with favorable inferences therefrom into consideration, we must conclude that there is reasonable evidence to support the jury's verdict. *Beverage Distributors, Inc. v. Olympia Brewing Co.*, 440 F.2d 21, 24 (9th Cir.), *cert. denied*, 403 U.S. 906, 91 S.Ct. 2209, 29 L.Ed.2d 682 (1971).

■ Plaintiff's second contention is that the district court abused its discretion in denying her motion under Federal Rules of Civil Procedure 16 to amend the pre-trial order to reinstate strict liability in tort as a cause of action against defendant Sky Gallies. On November 6, 1970, plaintiff filed her complaint for damages for personal injuries against the original three defendants,

in which she alleged facts sufficient to support causes of action for negligence, breach of warranty and strict liability in tort against defendant Sky Gallies. *See* C.T. 292. On June 8, 1972, plaintiff filed her pre-trial statement which dismissed her count of negligence against Sky Gallies and stated that "the sole cause of action against said defendant [was to] be implied warranty." C.T. 135. After all the parties had stipulated to its contents, on September 14, 1972, the district court filed its pre-trial order which provided that the issues against Sky Gallies were "breach of implied warranty, proximate cause, damages, assumption of risk by plaintiff, if any." C.T. 209. On March 6, 1973, with trial only a month away, plaintiff filed her motion to amend the pre-trial order pursuant to Rule 16, Federal Rules of Civil Procedure, and Rule 107, Local Rules of Court, on the grounds of excusable neglect and oversight by her attorney in preparing the pre-trial statement and that amendment was necessary to prevent manifest injustice. Plaintiff sought to reinstate her cause of action for strict liability in tort against Sky Gallies which had been omitted in her pre-trial statement. This motion was opposed by defendant Sky Gallies. After hearing oral argument, the district judge denied plaintiff's motion. Midway through the trial, plaintiff renewed her motion to amend the pre-trial order, which was again denied by the district judge.

Rule 16 of the Federal Rules of Civil Procedure provides that a pre-trial order "when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Under this principle, a pre-trial order "is not an inexorable decree and may, under proper circumstances, be modified." *Jeffries v. United States*, 477 F.2d 52, 55 (9th Cir. 1973); *see Globe Indemnity Company v. Capital Insurance & Surety Co.*, 352 F.2d 236, 239 (9th Cir. 1965). Absent a showing of clear abuse of discretion by the district judge, however, the exercise of such discretion under Rule 16 will not be disturbed on appeal. *Federal Deposit Insurance Corpo-*

*ration v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971); *see also Washington State Bowling Proprietors Association v. Pacific Lanes, Inc.*, 356 F.2d 371, 377 (9th Cir.), *cert. denied*, 384 U.S. 963, 86 S.Ct. 1590, 16 L.Ed.2d 674 (1966). In the exercise of sound judicial administration and the interest of justice, "an amendment of a pre-trial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972).

Applying the foregoing principles to the facts before us, we hold that the district judge did not abuse his discretion in denying plaintiff's motion to amend the pre-trial order. An essential element which the movant must show is that the failure to allow the amendment might prejudice him. Under California law, whether plaintiff brought her suit against Sky Gallies on the theory of breach of implied warranty or strict liability, "the basic elements to be proved [under either theory] are the same." *Grinnell v. Charles Pfizer & Company*, 274 Cal.App.2d 424, 433, 79 Cal.Rptr. 369, 373 (1969). This Circuit has similarly held that "under either approach [breach of implied warranty v. strict liability] the elements remain the same." *Davis v. Wyeth Laboratories, Inc.*, 399 F.2d 121, 126 (9th Cir. 1968). Thus "[t]he difference is largely one of terminology." *Id.* Here, the district judge accurately instructed the jury as to breach of implied warranty. His refusal to amend the pre-trial order to include plaintiff's theory of strict liability did not prejudice her. Thus, no manifest injustice occurred here and plaintiff is therefore not entitled to relief.

The third issue which plaintiff raises is that prejudicial error was committed when the district court denied plaintiff's motion for a new trial based upon the court's refusal to give a proposed jury instruction. Specifically, plaintiff challenges as reversible error the giving of Federal

Jury Practice Instruction 2d § 73.19[1] instead of B.A.J.I. Instruction No. 3.77.[2] The former instruction had been originally requested by plaintiff, but subsequently withdrawn by stipulation of the parties without physical withdrawal from the instructions presented to the court. Both instructions concern the legal theory on concurrent causes of injury.

The basic thrust of plaintiff's argument is that all parties had agreed upon the giving of B.A.J.I. 3.77. When intervenor's (American Airlines') counsel made his final statement to the jury, he specifically referred to and emphasized certain words in the B.A.J.I. instruction—that "a cause is concurrent if it was operative at the moment of injury." Instructing the jury, however, the district judge gave Federal Jury Practice Instruction 2d § 73.19 rather than the B.A.J.I. instruction. Because the agreed upon instruction was not given, plaintiff claims serious prejudice.

Plaintiff's argument is without merit. As we have previously held:

"If the instruction as given sufficiently covers the case so that a jury can intelligently determine the questions presented, the judgment will not be disturbed because further amplification is refused. . . . The Court need not use the precise words of an offered instruction and an instruction is sufficient if it correctly states the principle of law."

*Investment Service Co. v. Allied Equities Corporation,* 519 F.2d 508, 511 (9th Cir. 1975); *accord, Gray v. Shell Oil Company,* 469 F.2d 742, 747–48 (9th Cir. 1972), *cert. denied,* 412 U.S. 943, 93 S.Ct. 2773, 37 L.Ed.2d 403 (1973); *Amsler v. United States,* 381 F.2d 37, 52 (9th Cir. 1967). The instruction given by the district judge here correctly stated the law on concurrent causes of injury. There was no error. Because one party desired to use some certain phrase in argument to the jury does not mean error occurred when such particular phrase was not part of the court's instructions.

Finding no merit in the issues raised on appeal by the plaintiff, the judgment of the district court is *affirmed.*

---

1. That instruction provides in relevant part: "[M]any factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such case, each may be a proximate cause."

2. That instruction provides in relevant part: "A cause is concurrent if it was operative at the moment of injury and acted with another cause to produce the injury."