**RAYNOR BROTHERS, a general partnership, Plaintiff-Appellee,**

v.

**AMERICAN CYANIMID COMPANY, Agricultural Division, a foreign corporation, et al., Defendants-Appellants.**

No. 81–5928.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 13, 1982.

Decided Dec. 28, 1982.

(2) denying American Cyanimid's post-trial motions for judgment notwithstanding the verdict or for a new trial based on the jury's damage verdict; (3) denying American Cyanimid's post-trial motions based on the alleged statute of limitations defense. We affirm.

## FACTS

Raynor Brothers is an Arizona farming partnership of three brothers. The brothers, along with their mother, are sole shareholders in their affiliated farming corporation, A Tumbling T Ranches. American Cyanimid manufactures and distributes a herbicide under the registered tradename of Prowl.

In the spring of 1978 Raynor Brothers purchased a quantity of Prowl and applied it to fields planted in corn. Observing damage to the corn, Raynor replanted some of the fields without using Prowl.

In March 1980 the farming corporation, A Tumbling T Ranches, filed a products liability suit against American Cyanimid in Arizona state court. In April 1980 the suit was removed to federal court. In November 1980 Raynor's counsel informed American Cyanimid that the proper plaintiff was Raynor Brothers, instead of the corporation, since the partnership was the lessee of the land on which the corn was planted. The plaintiff corporation moved to substitute Raynor Brothers as plaintiff and to have the amended complaint relate back to the time of filing the original complaint. The applicable statute of limitations would have run against the action between the time of the original complaint and the amendment substituting plaintiffs.[1] American Cyanimid did not object to the amendment or the relation back. The motion was granted without explanation. American Cyanimid's answer to the amended complaint alleged, among others, a statute of limitations defense.

Robert W. Holland, Holland & Postal, Phoenix, Ariz., for defendants-appellants.

Paul F. Lazarus, Robbins & Green, Phoenix, Ariz., for plaintiff-appellee.

Before SKOPIL and FLETCHER, Circuit Judges; and McNICHOLS,* District Judge.

SKOPIL, Circuit Judge:

American Cyanimid appeals from an adverse jury verdict in a products liability case arguing that the district court erred in: (1) granting the motion substituting plaintiffs in the complaint and for relation back;

---

* The Honorable Ray McNichols, Senior United States District Judge for the District of Idaho, sitting by designation.

1. *See* Ariz.Rev.Stat.Ann. §§ 12–542, –551, –681 (1982). A products liability action must be filed within two years of the events giving rise to the claim. In this case the purchase and use of the herbicide Prowl occurred in the spring of 1978. Thus, the statute of limitations had run by spring of 1980.

A jury trial was held in July 1981. Evidence was introduced to prove Raynor's $126,000 damage claim. The jury returned a verdict of $60,000 damages.

American Cyanimid filed timely post-trial motions based on its alleged statute of limitations defense and on the jury's damage award. The district court denied the motions based on the statute of limitations on the ground that American Cyanimid had waived the defense. The court denied the motions challenging the jury's damage award finding that substantial evidence supported the jury verdict.

### 1. Amendment Substituting Plaintiffs and Relation Back.

The grant of leave to amend the pleadings pursuant to Fed.R.Civ.P. 15(a) will be reversed only if the trial court abused its discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Jacobson v. Rose*, 592 F.2d 515, 519 (9th Cir.1978), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979).

An amendment substituting defendants relates back to the time of filing of the original complaint when: (1) the claim in the amended pleading arises out of the same conduct as that in the original pleading, and (2) the substituted party has notice and is not prejudiced by the amendment. Fed.R.Civ.P. 15(c). While Rule 15(c) speaks only of a change in defendants, it applies by analogy to the substitution of plaintiffs. Notes of Advisory Committee, Rule 15(c) (1966 Amendments), *reprinted in* 39 F.R.D. 69, 84 (1976). *See* 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[4.2], at 15–232 (2d ed. 1982).

In *Staren v. American National Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976), the court held that when the original plaintiff and the substituted plaintiff have sufficient identity of interests, relation back

of the amendment is not prejudicial to the defendant.[2]

In *Staren,* individual plaintiffs moved to substitute a corporation as plaintiff when it was discovered that the corporation owned the securities in question instead of the individuals. *Id.* at 1262. In holding that the district court should have granted the motion for substitution, the Seventh Circuit stated:

"The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances...." [T]he substituted corporate plaintiff had such an identity of interest with the individual plaintiffs that the original complaint served to notify defendant ... of the actual claim being asserted against it, with no resulting prejudice to its interests."

529 F.2d at 1263 (footnote omitted).

We adopt the reasoning in *Staren.* In the present case the major stockholders of the original corporate plaintiff were partners in the substituted plaintiff partnership. The identity of interest element of Rule 15(c) is met in this case in circumstances similar to those in *Staren.* The circumstances giving rise to the claim remained the same as under the original complaint. We note that in this case the motion to amend the complaint substituting plaintiffs and for relation back was made at a much earlier stage in the proceedings than in *Staren.*[3] *Id.*

Because plaintiffs took more than six months to discover the proper party plaintiff and discovery had commenced, American Cyanimid asserts it was prejudiced. We disagree. American Cyanimid did not object to the motion substituting plaintiffs

2. *See also* 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[4.1] (2d ed. 1982).

3. In *Staren,* the motion to substitute plaintiffs was made after defendant's motion for summary judgment had been granted against the original plaintiffs. 529 F.2d at 1262. The court reversed the grant of summary judgment and remanded for plaintiffs to amend the complaint and for trial. *Id.*

and for relation back. When an amendment is made makes little difference if plaintiffs meet the identity of interest.[4]

The district court's grant of leave to amend the complaint substituting plaintiffs, and for relation back of the amended complaint to the time of filing the original complaint, was a proper exercise of the court's discretion under Rule 15(c).[5]

### 2. *Jury's Damage Verdict.*

■ A motion for judgment notwithstanding the verdict or for a new trial on the ground that the jury verdict is not supported by substantial evidence is addressed to the sound discretion of the trial court. *Traver v. Meshriy,* 627 F.2d 934, 940–41 (9th Cir.1980). The jury's verdict should be accepted if it could reasonably have been reached. *Angle v. Sky Chef, Inc.,* 535 F.2d 492, 494 (9th Cir.1976). The motion will be set aside only upon a showing of clear abuse of discretion. *Id.*

■ Raynor's evidence on damages established the difference in corn crop yield between the acres planted using Prowl and those planted without Prowl. This differential was multiplied by the number of acres on which damage occurred and by market price. The resulting amount was then added to the mitigation cost to produce a total loss of approximately $126,000. The jury awarded Raynor $60,000.

American Cyanimid argues that, based on Raynor's evidence, the jury could have reached only one conclusion, that is to give the plaintiff what it asked. The jury cut the request approximately in half. It is argued that the jury must have divided on liability and entered a compromise verdict contrary to the required unanimous verdict. American Cyanimid insists it did not offer any positive evidence regarding damages.

We find no merit in American Cyanimid's argument. American Cyanimid elicited substantial evidence on cross-examination that contradicted Raynor's computation of damages. Raynor admitted that the yield differential between treated and untreated acres was based on average yields, and that possibly the Prowl fields had never produced as much as the untreated fields. Also, Raynor's calculation of the value of corn was based on market price. The corn was not sold on the market. It was transferred by Raynor to its other operations for feed. In addition, there was evidence that irrigation variables and the inexperienced managing partner of Raynor may have aggravated the damages. Thus, the jury may have reduced the value per bushel and loss in yield in its calculation of the damages.

These factors support the trial court's conclusion that the jury's award was reasonable in light of the evidence. The trial court's denial of the motion for judgment notwithstanding the verdict or for a new trial was not an abuse of its discretion.

AFFIRMED.

---

4. The *Staren* court cited *Metropolitan Paving Co. v. International Union of Operating Engineers,* 439 F.2d 300, 306 (10th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971). The *Metropolitan* Court relied on Rule 17(a) as well as Rule 15(c) to support a similar decision. *Id.* at 306. To avoid forfeitures of just claims, Rule 17(a) provides that no action should be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect. Fed.R. Civ.P. 17(a). Rule 17(a) is relevant to the relation back of amendments changing plaintiffs under Rule 15(c). Notes of Advisory Committee, Rule 15(c) (1966 Amendments), *reprinted in* 39 F.R.D. at 84–85.

In the case at bar, Raynor is the real party in interest and would qualify for the protection of Rule 17(a), if the defendant here had moved to dismiss because the action was not prosecuted in the name of the real party in interest.

5. American Cyanimid also challenges the denial of several post-trial motions based on an alleged statute of limitations defense. The defense existed only if the amendment substituting plaintiffs and relation back were improper. American Cyanimid does not argue that the defense existed even if the relation back was proper. *See supra* note 1. Since we conclude the substitution of plaintiffs and relation back were proper, we need not reach the issues hinging on the statute of limitations defense.