709 F.2d 1514
 97 Lab.Cas. P 10,104
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Dan Bloor, Plaintiff/Appellant
v.
Forrest J. Hess, Jr., dba Hess Rock Products, Nevada Paving,
Inc., A Nevada Corporation, Defendants/Appellees.
 No. 82-4512.
 United States Court of Appeals, Ninth Circuit.
 May 12, 1983.
 Before PECK,* FLETCHER, and PREGERSON, Circuit Judges.
 
 PER CURIAM
 
 1
 Following a bench trial the district court determined that appellant Dan Bloor was terminated for business reasons and not, as he alleged, for union activity. Bloor appeals.
 
 
 2
 On month before the scheduled trial, Bloor sought to reopen discovery to obtain evidence that appellees Hess Rock Products and Nevada Paving, Inc., were engaged in a joint venture. The court denied his tardy motion. That denial was not an abuse of discretion because Bloor was not prejudiced. See Angle v. Sky Chief, Inc., 535 F.2d 492 (9th Cir.1976). The court analyzed Bloor's termination under the theory that Hess Rock Products and Nevada Paving, Inc., were joint venturers and under the theory that Hess Rock Products operated separately. The court concluded that under both theories the facts showed that the decision to terminate Bloor was for business reasons and was not based on anti-union animus. Bloor has failed to show that the court was clearly erroneous. See Fed.R.Civ.P. 52(a). The judgment is therefore affirmed.
 
 
 3
 Appellees' request for damages and attorneys' fees is denied.
 
 
 4
 Affirmed.
 
 
 
 *
 Honorable John W. Peck, Senior United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation