THOMAS C. DIEHL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diehl v. Commissioner
Docket No. 1613-86
United States Tax Court
T.C. Memo 1990-48; 1990 Tax Ct. Memo LEXIS 52; 58 T.C.M. (CCH) 1314; T.C.M. (RIA) 90048; January 29, 1990
Diehl v. C.I.R., 862 F.2d 318, 1988 U.S. App. LEXIS 15563 (9th Cir., 1988)
Neil B. Halprin, for the petitioner. W. Scott Green, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's motion for entry of decision. In a notice of deficiency mailed on October 15, 1985, respondent determined a deficiency for the taxable year 1983 in the amount of $ 15,763. Respondent further determined additions to tax as follows: section 6651(a)(1) in the amount of $ 2,719.50; section 6653(a)(1) in the amount of $ 788.15; section 6653(a)(2) in the amount *54 of 50 percent of the interest due on the portion of the deficiency attributable to negligence; and section 6654(a) in the amount of $ 591.33. The primary adjustment in the notice of deficiency is the inclusion of wages in the amount of $ 48,187 as income which petitioner failed to report on a Federal income tax return for 1983. In his petition filed January 21, 1986, petitioner alleges that respondent erred as follows: (1) That respondent arbitrarily understated business losses and deductions; (2) That respondent arbitrarily overstated taxes in his computation; (3) That petitioner was denied a credit for withholding; (4) That petitioner was arbitrarily held responsible for additions to tax; (5) That petitioner's constitutional rights were abridged under the Fourth and Fifth Amendments; (6) That petitioner was arbitrarily classified as a tax protestor; (7) That petitioner was penalized in his valid assertion of fundamental constitutional rights; and (8) That respondent erred in denying petitioner his due process rights under the Fifth Amendment. Respondent timely filed his answer denying the allegations in the petition. On June 29, 1987, the parties filed a stipulation *55 which was executed by counsel for each party. The stipulation stated as follows: 1. On January 21, 1986, the date the petition herein was filed, the petitioner resided at 3720 Shirley Rd., Rockford, Illinois 61108. 2. The parties herein stipulate and agree that there is a deficiency in income tax due from the petitioner for the taxable year 1983 in the amount of $ 13,276.00. 3. The petitioner is entitled to withholding credits in the amount of $ 4885.41 for the year 1983. 4. The only issue in this case is whether the petitioner is liable for additions to tax under IRC sections 6651, 6653(a)(1) and 6653(a)(2). On this issue the petitioner relies solely on the belief that there is uncertainty in the law as it relates to petitioner's right to refuse to file a tax return based on the 5th Amendment to the Constitution. The parties to this action agree to be bound by the outcome of the final decision in the pending case of Thomas C. Diehl v. Commissioner, T.C. Memo. 1987-152, in which this issue was raised with regard to whether the 5th Amendment right protects the petitioner from liability for additions to tax. 5. If it is determined *56 the petitioner is liable for additions to tax those additions to tax shall be in the following amounts: INTERNAL REVENUE CODE
SECTION
6651(A)[sic]
$ 2,097.65
6653(a)(1)
$ 663.80
6653(a)(2)
*   6654
$ 439.78
In his motion for entry of decision, respondent advises that the opinion (T.C. Memo. 1987-152) referenced in the stipulation was affirmed by the Ninth Circuit Court of Appeals on November 7, 1988. Respondent further advises that he forwarded a decision document to petitioner; however, petitioner refused to execute same. Accordingly, respondent asks that a decision be entered in accordance with the stipulation. Petitioner was represented by different counsel in the prior proceeding and also in this proceeding up until July 1989. The stipulation is clear. The parties agreed to be bound by the final decision in the pending case involving petitioner's tax liabilities for prior years. The Court of Appeals for the Ninth Circuit affirmed without published opinion the opinion of the Tax Court on November 7, 1988, Diehl v. Commissioner, 862 F.2d 318 (9th Cir. 1988). *57 The decision of the Tax Court has become final under section 7481(a)(2)(A). Thus the terms of paragraph 4 of the stipulation have been met. In his opposition to respondent's motion for entry of decision, petitioner's counsel argues that (1) petitioner was not adequately represented by prior counsel who handled the litigation for the prior tax years and who executed the stipulation on behalf of petitioner in this case and (2) that petitioner is entitled to additional deductions which were not previously considered. On October 12, 1989, the Court had a conference call with counsel for the parties. Respondent's counsel advised that petitioner had been allowed certain deductions which accounted for the reduced deficiency reflected in the stipulation. The Court ordered respondent to provide petitioner's new counsel with a statement as to the deductions allowed. The Court further indicated that if there were other deductions to which petitioner claimed he was entitled, he should present documentation of same to respondent. The Court further ordered the parties to submit a status report to the Court by October 26, 1989. Respondent's status report was filed on October 31, 1989. *58 No status report was filed by petitioner's counsel. Respondent advised that he provided the statement of allowed deductions to petitioner's counsel and that petitioner's counsel did not provide further information to respondent. In a subsequent conference call with the Court, petitioner's counsel agreed that petitioner was not entitled to additional deductions; nevertheless, he advised that petitioner refused to authorize him to execute a decision pursuant to the stipulation previously filed. In Adams v. Commissioner, 85 T.C. 359 (1985), we discussed the guidelines for withdrawing a stipulation. We held that (85 T.C. at 374-375): Appropriate criteria to apply to [the taxpayers'] present motion may be found in cases dealing with attempts to modify a pretrial order under rule 16, Federal Rules of Civil Procedure (FRCP 16). [Fn. ref. omitted.] The Anderson and Clawson cases were set for trial by Court order on the basis of the representations of counsel and the procedure agreed to on December 6, 1983. The purpose of the agreement for settlement, comparable *59 to that of a FRCP 16 order, was to narrow issues for trial and to resolve triable issues in an efficient manner. A FRCP 16 order may be modified "to prevent manifest injustice." The party seeking modification, however, must show that the failure to allow the modification might prejudice him. Angle v. Sky Chef, Inc., 535 F.2d 492, 495 (9th Cir. 1976). Discretion should be exercised to allow modification where no substantial injury will be occasioned to the opposing party; refusal to allow modification might result in injustice to the moving party; and the inconvenience to the Court is slight. Angle v. Sky Chef, Inc., supra, quoting Sherman v. United States, 462 F.2d 577, 579 (5th Cir. 1972); Campbell Industries v. M/V Gemini, 619 F.2d 24, 27-28 (9th Cir. 1980). We find that petitioner has failed to establish that an injustice may result if we enforce the stipulation. Petitioner was represented by counsel in the prior litigation and at the time the stipulation was filed in this case. Petitioner has failed to present any evidence *60 that the stipulation does not represent the agreement of the parties. Despite the stipulation, the Court gave petitioner an additional opportunity to present evidence of further deductions. No such evidence was forthcoming. The stipulation does not require interpretation. The fact that petitioner was unsuccessful in the prior litigation is not sufficient basis to modify the stipulation. We further admonish petitioner that, if he continues to come before this Court with respect to deficiencies for subsequent tax years wherein he fails to report wages as income or institutes or maintains a proceeding primarily for delay, or his position is otherwise frivolous or groundless, he may be subject to damages under section 6673. As amended by section 7731 of the Revenue Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, , section 6673 permits this Court to award damages in an amount not in excess of $ 25,000. Based on the foregoing, respondent's motion for entry of decision will be granted and a decision will be entered pursuant to the stipulation as modified by respondent's motion. [2]
*61 An order will be issued granting respondent's motion for entry of decision. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the year at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. To be determined based on an underpayment of $ 10,878.00.↩
2. Respondent has conceded that the sec. 6653(a)(2)↩ addition will be based on a deficiency of $ 8,390.59 rather than a deficiency of $ 10,878 as stipulated.