24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William SAUNDERS, Plaintiff-Appellee,
v.
CARLISLE MEMORY PRODUCTS GROUP, INCORPORATED, a Delaware
corporation, Defendant-Appellant.
 No. 92-56507.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 21, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Though California Labor Code Sec. 2922 creates a presumption of at-will employment, an employee may rebut this presumption and establish that he or she may be terminated only for good cause by showing: "(1) the [employment] contract was supported by consideration independent of the services to be performed by the employee for his prospective employer; or (2) the parties agree[d], expressly or impliedly, that that employee could be terminated only for good cause." Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 925 (Cal.Ct.App.1981) (citation omitted). In determining whether an implied-in-fact promise for continued employment exists, courts consider a variety of factors besides the existence of independent consideration. These factors include "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." Foley v. Interactive Data Corp., 254 Cal.Rptr. 211, 225 (Cal.1988) (quoting Pugh, 171 Cal.Rptr. at 925-26).
 
 
 3
 Saunders presented evidence at trial of (1) consideration independent of the services he performed for Carlisle and (2) actions and oral communications by Carlisle reflecting assurances of continued employment. With respect to the former, he signed an "Employee Invention, Confidential Information and Secrecy Agreement" which prevented him from disclosing proprietary information of Carlisle, required him to assign all inventions to Carlisle, and prohibited him from competing with Carlisle for a period of two years and one month after termination of his employment. With respect to the latter, Carlisle reassured him that he had good job security, encouraged him to move to Dallas for the company, and told him that there was no reason to be insecure about his job. Under Foley, this evidence is sufficient to rebut the presumption of at-will employment and support a finding that Saunders could be terminated only for good cause.
 
 
 4
 The stock option agreement signed by Saunders, the employee handbook, and the length of his employment are not conclusive proof of at-will employment. The jury could reasonably conclude Carlisle modified the at-will clause in the stock option agreement by asking Saunders to sign the non-disclosure and non-competition agreement and by making various oral assurances of continued employment. Wagner v. Glendale Adventist Medical Ctr., 265 Cal.Rptr. 412, 418 (Cal.Ct.App.1989) (stock option agreement subject to implied modifications). Saunders testified he never received the employee handbook introduced as evidence; the jury was entitled to believe Saunders' testimony. Foley declined to hold all employees who work for less than a particular time period can be terminated at will. Foley, 254 Cal.Rptr. at 226.
 
 II.
 
 5
 The evidence Saunders presented at trial indicates he was "forc[ed] to submit to intolerable working conditions which foreseeably and proximately caused his resignation." Panopulos v. Westinghouse Electric Corporation, 264 Cal.Rptr. 810, 814 (Cal.App.Ct.1990). Over a period of a few months, Carlisle eliminated Saunders' position, gave his responsibilities to a new person, told him the office did not have room for him, offered him a choice between a less managerial position and a severance package, suggested he was not qualified for the position offered, and finally criticized him in harsh language at a staff meeting. This conduct strongly suggested Saunders had no choice but to leave.
 
 
 6
 The jury could also reasonably conclude that Saunders was not terminated for a bona fide economic reason. While Clasen, the new president, reorganized the management structure at Carlisle, he also hired a number of new managers, including Pehrson. Pehrson actually took over the position held by Saunders after the reorganization. This fact alone suggests Saunders was terminated because he was part of the old regime, not because his services were no longer needed after Carlisle down sized.
 
 III.
 
 7
 The circumstances do not establish the jury's damage award reflected a compromise verdict. "[A]n insufficient damages verdict, standing alone, does not necessarily indicate a compromise." Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1513 (11th Cir.1983); see also d'Hedouville v. Pioneer Hotel Co., 552 F.2d 866, 897 (9th Cir.1977) (compromise verdict occurs where question of liability is close, damages awarded are grossly inadequate, and other circumstances indicate that the verdict was the result of prejudice or an improper compromise). The jury could reasonably conclude Saunders suffered only $20,000 in damages. Raynor Bros. v. American Cyanimid Co., 695 F.2d 382, 385 (9th Cir.1982) ("The jury's verdict should be accepted if it could reasonably have been reached."). As Carlisle notes, it introduced substantial evidence discrediting Saunders' damage calculation.
 
 IV.
 
 8
 The district court's jury instructions "fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." Oviatt v. Pearce, 954 F.2d 1470, 1480 (9th Cir.1992) (quoting Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988)). Many of Carlisle's proposed jury instructions were argumentative and misleading. Under Federal Rule of Civil Procedure 49(a), the district court has complete discretion to submit either a general or special verdict form. Reeves v. Teuscher, 881 F.2d 1495, 1503 (9th Cir.1989); R.H. Baker & Co. v. Smith-Blair, Inc., 351 F.2d 506, 508 (9th Cir.1964).
 
 AFFIRMED.[1]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Saunders' motion to substitute Verbatim Tape Corporation as the defendant in this action is denied. Saunders has not provided a basis for substituting a party on appeal. Fed.R.App.P. 43(b). An appellate court cannot resolve the factual issues necessary to determine if Verbatim is responsible for Carlisle's liabilities