Bruce P. WALKER, Plaintiff–Appellant,

v.

Rick DAY; et al., Defendants–Appellees.

No. 03–35869.

D.C. No. CV–99–00040–CSO.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Bruce P. Walker, formerly an inmate at the Montana State Prison, appeals pro se

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the judgment after jury trial in favor of defendants in his 42 U.S.C. § 1983 action challenging the conditions of his confinement in administrative segregation and alleging that prison medical staff were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion rulings at pre-trial conferences, *Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir.1976), and evidentiary rulings, *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir.2004). We review de novo rulings on motions for judgment as a matter of law. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir.2004). We affirm.

The hearing transcript reveals that the district court discussed the pretrial order with the parties, and Walker agreed to the description of the nature of the action and did not object when he learned that only book one of a two volume treatise was available as impeachment evidence. Accordingly, we conclude that the district court did not abuse its discretion in formulating the pretrial order. *See* Fed.R.Civ.P. 16(e); *Federal Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir.1971) ("A district judge is given broad discretion in supervising the pre-trial phase of litigation, with a view toward sifting the issues in order that the suit will go to trial only on questions involving honest disputes of fact or law.").

The district court did not abuse its discretion by refusing to admit into evidence a list of credentials for an expert witness; moreover, Walker has not shown prejudice from this ruling. *See Tritchler*, 358 F.3d at 1155.

The district court properly denied Walker's motion for judgment as a matter of law. *See Hangarter*, 373 F.3d at 1005 (judgment as a matter of law "should be granted only if the verdict is 'against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result'").

Walker's remaining contentions are without merit.

The Clerk shall file Walker's reply brief received on January 27, 2005.

AFFIRMED.