EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Josefa Arce Bucetta y otros<br>Demandantes-recurridos<br><br>v.<br><br>Motorola Electrónica de Puerto Rico, Inc. y otros<br>Demandados-peticionarios<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>Josefa Arce Bucetta y otros<br>Demandantes-peticionarios<br><br>v.<br><br>Motorola Electrónica de Puerto Rico, Inc. y otros<br>Demandados-recurridos | Certiorari<br><br>2008 TSPR 59<br><br>173 DPR ____ |

Número del Caso: CC-2006-547
                 CC-2006-549

Fecha: 9 de abril de 2008

Tribunal de Apelaciones:
                    Región Judicial de Bayamón, Panel VII

Juez Ponente:
                    Hon. Migdalia Fraticelli Torres


**CC-2006-547**
Abogados de la Parte Peticionaria:
                    Lcdo. Francisco Chévere
                    Lcdo. Jorge A. Antongiorgi

Abogado de la Parte Recurrida:
                    Lcdo. Luis R. Mellado González


**CC-2006-549**
Abogado de la Parte Peticionaria:
                    Lcdo. Luis R. Mellado González

Abogados de la Parte Recurrida:
                    Lcdo. Francisco Chévere
                    Lcdo. Jorge A. Antongiori

Materia: Reclamación de Salarios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Josefa Arce Bucetta y otros | |
| Demandantes-recurridos | CC-2006-547 |
| vs. | |
| Motorola Electrónica de Puerto Rico, Inc. y otros | *CERTIORARI* |
| Demandados-peticionarios | |
| Josefa Arce Bucetta y otros | |
| Demandantes-peticionarios | CC-2006-549 |
| vs. | |
| Motorola Electrónica de Puerto Rico, Inc. y otros | *CERTIORARI* |
| Demandados-recurridos | |

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 9 de abril de 2008

El 11 de febrero de 1998, Josefa Arce Bucetta y otros empleados y ex-empleados de Motorola Electrónica de Puerto Rico radicaron ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una demanda sobre reclamación de salarios por trabajos realizados durante el periodo para tomar alimentos, durante el séptimo día de descanso y por vacaciones no concedidas, no disfrutadas o fraccionadas indebidamente. Solicitaron, además, que se certificara el pleito como uno de clase al amparo del

Artículo 13 de la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. § 282[1], y la Regla 20.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 20.2.

En su contestación a la demanda, Motorola alegó que no le adeudaba dinero a los demandantes por concepto alguno. Entre sus defensas afirmativas, planteó que la Ley 379 no autorizaba una acción de clase y, de igual modo, no procedía la certificación de clase al amparo de la Regla 20 de Procedimiento Civil ya que no se cumplían los requisitos para ello. Asimismo, sostuvo que las causas de acción de los demandantes estaban prescritas.

El 19 de junio de 1998, los demandantes radicaron una demanda enmendada, solicitando la inclusión de ciento quince (115) demandantes adicionales. El 23 de julio de 1998, el tribunal de instancia denegó la certificación del pleito como uno de clase, resolución de la cual los demandantes acudieron en alzada al Tribunal de Apelaciones. Dicho foro confirmó la determinación recurrida por entender que no se satisfacían los requisitos impuestos por la Regla 20.1 de Procedimiento Civil. Inconformes, los demandantes comparecieron ante este Tribunal vía *certiorari*, recurso cuya expedición igualmente denegamos.

El 15 de mayo de 2000, los mencionados demandantes radicaron una segunda demanda enmendada con el propósito de

---

[1] Dicho Artículo fue enmendado y renumerado como Artículo 14, mediante la sección 3 de la Ley Núm. 83 de 20 de julio de 1995.

añadir cuatrocientos cinco (405) demandantes adicionales. Mediante orden de 9 de diciembre de 2002, el tribunal de instancia autorizó la demanda enmendada radicada. El 5 de febrero de 2003, los demandantes radicaron una tercera demanda enmendada con el propósito de incluir doscientos cincuenta y siete (257) demandantes adicionales.

Así las cosas, Motorola solicitó la desestimación de las acciones de noventa y cinco (95) de los demandantes que se unieron al pleito mediante la segunda demanda enmendada, así como las reclamaciones de los 257 demandantes que solicitaron su inclusión en el pleito a través de la tercera demanda enmendada. Adujo que éstos habían solicitado su inclusión al pleito transcurridos tres años desde finalizada su relación de empleo con Motorola, por lo cual sus reclamaciones estaban prescritas.

El 9 de diciembre de 2004, el Tribunal de Primera Instancia acogió la moción de desestimación de Motorola y, de conformidad con la norma establecida en Rodríguez Rosado v. Syntex, 160 D.P.R. 364 (2003), determinó que el plazo prescriptivo para la presentación de la reclamación sobre salarios no fue interrumpido para aquellos demandantes que no fueron incluidos en la demanda original. Como resultado de ello, dictó sentencia parcial desestimatoria de las reclamaciones de ochenta y siete (87) de los demandantes que fueron incluidos a través de la segunda demanda enmendada, "debido a que éstos cesaron sus labores con Motorola entre los años 1993 al 1997". Sobre el particular,

el foro de instancia indicó que había transcurrido el término de tres años que provee la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad, Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. § 250 *et seq.*, para la presentación de una reclamación de salarios, el cual comenzó a transcurrir desde el cese de sus empleos con Motorola. Además, denegó la tercera solicitud para enmendar la demanda tras concluir que las reclamaciones de esos 257 demandantes también estaban prescritas porque fueron presentadas transcurrido el término de tres años antes expresado. Inconformes con tal determinación, los referidos demandantes recurrieron al Tribunal de Apelaciones.

Tras varios trámites procesales, el foro apelativo intermedio emitió la sentencia que motiva el presente recurso. En la misma concluyó que tanto la presentación de la demanda el 11 de febrero de 1998, como la denegatoria de la certificación del pleito de clase de 23 de julio de 1998, interrumpieron el término prescriptivo de tres años para la presentación de reclamaciones al amparo de la Ley de Salario Mínimo, Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. § 211 *et. Seq.*[2] Dicho foro enfatizó que la Ley 96 era de aplicación al caso ya que la demanda fue presentada el 11 de febrero de 1998, cinco meses antes de la aprobación de la Ley 180. En vista de ello, confirmó la

---

[2] La Ley 96 fue derogada por la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad, Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. § 250 *et seq.*

desestimación de las reclamaciones de los 257 demandantes de la tercera demanda enmendada debido a que ésta fue presentada transcurridos casi 5 años desde la denegatoria de la certificación de clase. Por otro lado, modificó la sentencia de instancia a los efectos de "reestablecer las causas de acción de los 87 apelantes que entraron al pleito mediante la segunda demanda enmendada de 15 de mayo de 2000, sujeto este dictamen a una evaluación individual de las fechas en que cada uno terminó su empleo con Motorola." El tribunal de apelaciones, por último, indicó que "[s]ólo los que cesaron sus labores en o después de 11 de febrero de 1995 p[odían] continuar con su causa de acción. Los que cesaron antes de esa fecha ya no tenían una causa de acción viva, porque había prescrito, a tenor de la Ley 96."

El 12 de junio de 2006 Motorola acudió ante este Tribunal en revisión de la mencionada sentencia --vía certiorari-- planteando, en síntesis, que erró el Tribunal de Apelaciones al resolver "que una acción al amparo de la legislación laboral puede ser tramitada conjuntamente como un pleito de clase y una acción representativa" y al concluir "que una acción al amparo de la legislación laboral, tramitada conjuntamente como un pleito de clase y una acción representativa, paraliza los términos prescriptivos para aquellos que no se han unido al pleito."

En la misma fecha la parte demandante, igualmente, radicó ante este Tribunal un recurso de certiorari, en el

cual nos solicitan que reevaluemos la norma establecida en Rodríguez Rosado v. Syntex, ante. Arguyen que contrario a lo allí resuelto, un pleito representativo al amparo del antes citado Artículo 13 debe interrumpir el término prescriptivo para otros reclamantes potenciales que sean miembros de la clase hasta tanto el tribunal desestime la acción inicial o fije una fecha límite para la acumulación de demandantes adicionales. Además, plantea que la intervención de los demandantes adicionales se retrotrae a la fecha de la presentación de la demanda original en virtud de la Regla 13 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 13, razón por la cual sostiene que erró el Tribunal de Apelaciones al confirmar la denegatoria de la solicitud de la tercera demanda enmendada y al ordenar la "reincorporación" de los 87 demandantes cuando éstos eran co-demandantes en la demanda original cuya participación fue omitida, por error, de los anejos de la segunda demanda enmendada.

El 27 de junio de 2006, Motorola solicitó la consolidación de los recursos en vista de que en ambos se solicita la revisión de la misma sentencia, aunque por fundamentos distintos. Así lo decretamos. Decidimos expedir. Estando en condiciones de resolver el mismo, procedemos a así hacerlo.

I

A

La Sección 16 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico establece expresamente el derecho de todo trabajador "a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo razonable, a protección contra riesgos para su salud o integridad personal en su trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de trabajo." Sobre esto último, en la Asamblea Constituyente se enfatizó que "[s]ólo podrá trabajarse en exceso de este límite diario, mediante compensación extraordinaria que nunca será menor de una vez y media el tipo de salario ordinario, según se disponga por ley."

La antigua Ley 96, la cual incorporaba todo lo antes expuesto y, por ende, regulaba todo lo relativo al salario mínimo en nuestra jurisdicción, fue derogada en 1998 mediante la aprobación de la Ley 180. La nueva Ley tuvo el efecto de atemperar las disposiciones contenidas en la antigua Ley de Salario Mínimo con la Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201 *et. Seq.*, y, además, uniformar todo lo relativo a las licencias por enfermedad y por vacaciones. González Natal v. Merck, res. 5 de enero de 2006, 2006 T.S.P.R. 2.

El Artículo 12(e) de la Ley 180, 29 L.P.R.A. § 250j, establece que lo dispuesto en la referida sección no

afectará los casos que ya hubieran sido presentados en los tribunales o aquellos que fuesen presentados dentro de un año después de entrar en vigor la Ley 180. En González Natal v. Merck, ante, resolvimos que tal disposición se refiere a un término de vigencia diferido que tiene el efecto de posponer por un año la vigencia de dicha sección. Por lo tanto, las disposiciones de la Ley 96 son de aplicación a todas las acciones sobre salario presentadas en o antes del 27 de julio de 1999. Ello acarrea unas diferencias marcadas en la tramitación de un pleito de esta naturaleza ya que la Ley 180 alteró sustancialmente nuestro ordenamiento jurídico en lo relativo a las acciones de reclamación de salarios.

En particular, la Sección 32 de la extinta Ley 96 disponía que la acción en reclamación de salarios que pudiera tener un empleado contra su patrono prescribiría por el transcurso de tres años desde que éste cesó en su empleo. El estatuto también señalaba que aquellos casos en los cuales "el empleado estuviere trabajando con el patrono, la reclamación solamente inclu[iría] los salarios a que tuviere derecho el empleado, por cualquier concepto, durante los últimos diez años anteriores a la fecha en que estableciere la acción judicial." Mientras, "[e]n el caso de que el empleado hubiere cesado en su empleo con el patrono, la reclamación solamente inclu[ía] los últimos diez años anteriores a la fecha de la cesantía."

No obstante, la Ley 180 tuvo el efecto de <u>reducir</u> de diez a tres años el periodo por el cual el empleado puede reclamar salarios.[3] Así, pues, <u>actualmente</u>, el empleado que <u>estuviere trabajando</u> con el patrono a la fecha de la presentación de la demanda <u>sólo</u> podrá reclamar los salarios correspondientes a los tres años anteriores a la fecha en que instó su acción. <u>Igual norma</u> aplica a aquellos que hubiesen <u>cesado</u> en su empleo con el patrono, pero en cuanto a los salarios a los cuales tenía derecho durante los tres años <u>anteriores</u> a la fecha de su cesantía. Claramente, ello limitó grandemente la cuantía de los salarios que un empleado puede reclamar.

B

Al aprobar la Ley 379, en su Exposición de Motivos, la Asamblea Legislativa expresó que perseguía proteger la salud, seguridad y vida de los trabajadores, limitando la jornada de trabajo a ocho horas diarias y proveyendo el pago de un tipo doble del salario para las horas trabajadas en exceso. En torno a la tramitación de las reclamaciones por violaciones a las disposiciones de la referida Ley, el <u>Artículo 13</u> establece que todo empleado que reciba una compensación menor a la fijada por ley para las horas

---

[3] A través del Artículo 12 de la Ley 180 se instauró inicialmente un término prescriptivo de dos años para la presentación de una reclamación de salarios. Sin embargo, dicho término fue reestablecido a tres años mediante la Ley Núm. 80 del 21 de mayo de 2000.

regulares y horas extras de trabajo, y para el periodo señalado para tomar los alimentos, tendrá derecho a recobrar de su patrono las cantidades no pagadas, más una suma igual por concepto de daños y perjuicios, además de las costas, gastos y honorarios de abogado. La antes mencionada disposición estatutaria establece, además, un mecanismo que ha sido denominado como una "acción representativa", al disponer que "[l]a reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares […]". Véase Rodríguez Rosado v. Syntex, ante.

La Regla 20.1 de Procedimiento Civil, por su parte, establece que "[u]no o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si: (1) la clase fuere tan numerosa que la acumulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada." Por otro lado, la Regla 20.2 de Procedimiento Civil dispone que, además de los requisitos antes expuestos, un pleito sólo podrá sostenerse como uno de clase si:

(a) La tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de:

(1) Adjudicaciones inconsistentes o variadas con respecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o

(2) adjudicaciones con respecto a miembros individuales de la clase, que para todos los fines prácticos dispondrían de los intereses de los otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impedirían sustancialmente su habilidad para proteger sus intereses; o

(b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general; o

(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen:

(1) El interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados;

(2) La naturaleza y alcance de cualquier litigio relativo a la controversia ya comenzado por o en contra de miembros de la clase;

(3) La deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico;

(4) Las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

Le corresponde, naturalmente, al tribunal determinar, mediante orden al efecto, si se tramita, o no, el pleito como uno de clase. Asimismo, en pleitos de clase tramitados bajo la Regla 20.2(c), el tribunal deberá ejercer un esfuerzo razonable para notificar, incluso individualmente

cuando fuere posible, a aquellos miembros de la clase que puedan ser identificados. Dicha notificación tendrá el efecto de avisar a cada miembro que:

> (1) El tribunal lo excluirá de la clase en una fecha específica si él así lo solicita;
> (2) La sentencia, sea favorable o no, incluirá a todos los miembros que no soliciten la exclusión, y
> (3) cualquier miembro que no solicite la exclusión podrá, si así lo desea, comparecer a través de su abogado.

En Caguas L.Y., Inc. v. Tribunal Superior, 96 D.P.R. 848 (1969), al comparar el mecanismo provisto en el antes citado Artículo 13 con la Regla 20.1 de Procedimiento Civil[4], concluimos que se trataba de procedimientos que se podían armonizar, ya que aunque ciertamente eran diferentes y tenían efectos distintos, tenían el mismo objetivo, esto es, promover la economía judicial cuando hay muchos individuos afectados por un mismo suceso o circunstancia,

---

[4] Anteriormente, la Regla 20.1 disponía: "Si las personas que integran una clase fueren tan numerosas que la comparecencia de todas ante el tribunal resultaría impracticable, aquellas o aquellas cuya presencia asegure una adecuada representación de todas, podrán en representación de todas, demandar o ser demandadas, cuando la naturaleza del derecho solicitado a favor o en contra de la case sea:

> (a) Mancomunado o subsidiario, en el sentido de que el que tenga el derecho primario rehúsa a hacerlo efectivo y un miembro de la clase, en su consecuencia, queda habilitado para ejercitarlo;
> (b) Solidario, y el objeto del pleito sea la adjudicación de reclamaciones que afecten o pudieran afectar una propiedad envuelta en el pleito; o
> (c) Solidario, y existe una cuestión común de hechos o de derecho que afecta los derechos solidarios y se solicita un remedio común."

evitando la multiplicidad de litigios y las sentencias conflictivas. Véase Rodríguez Rosado v. Syntex, ante; Cuadrado Carrión v. Romero Barceló, 120 D.P.R. 434 (1988). En apoyo a tal determinación enfatizamos que, al interpretar la Sección 16(b) de la FLSA --disposición que instauró en el ámbito federal un mecanismo equivalente a la acción representativa del Artículo 13-- "el peso de las autoridades [federales] sostuv[ieron] que el pleito de clase creado por dicha disposición e[ra] de la misma naturaleza que el creado por la Regla Federal de Procedimiento Civil 23(a)[5]". Ello resaltó la similitud entre los pleitos de clase conocidos como "espuria" y la acción representativa.[6]

A su vez, hemos afirmado que los pleitos de clase permiten hacer justicia a personas agraviadas que no se sienten motivadas a litigar. Cuadrado Carrión v. Romero Barceló, ante. Esto aplica, más aun, en la acción representativa, que surge en el contexto de las leyes laborales, con su histórico propósito de facilitar, y no

---

[5] Cabe señalar que, actualmente, el texto la Regla 23(a) federal es idéntico al de nuestra Regla 20.1.

[6] En 1966 se enmendó la Regla 23 de Procedimiento Civil Federal con el propósito de eliminar los tres distintos tipos de acción de clase conocidas como (a) verdadera, (b) híbrida y (c) espuria. La acción de clase espuria era en realidad un mecanismo de acumulación permisible, que permitía que aquellos que se encontraran en una situación similar se unieran al pleito, si así lo deseaban, pero de no hacerlo, la sentencia dictada en su día no le sería de aplicación.

entorpecer, los ya onerosos reclamos de los trabajadores a sus patronos.

Recientemente, y al interpretar nuevamente el alcance del antes citado Artículo 13, destacamos que "la 'acción de clase' dispuesta en la Ley de Horas y Trabajo […] no es una 'verdadera acción de clase', según la definen las Reglas de Procedimiento Civil vigentes, sino una acción representativa de acumulación permisible de partes, con distintos requisitos y distintos efectos." Rodríguez Rosado v. Syntex, ante, 390-91. Por lo tanto, a pesar de que ambas acciones, es decir, la acción representativa y la acción de clase, requieren que exista una cuestión de hecho o de derecho común a la clase, difieren en otros aspectos.

En la acción representativa de acumulación permisible de partes, los empleados que quieran unirse al pleito pueden así hacerlo o, en la alternativa, pueden presentar una acción independiente, ya que "su derecho a reclamar no quedará perjudicado por la decisión que recaiga en su día en el caso." Ante, pág. 391. Como consecuencia de ello, los empleados que presenten la reclamación sobre salarios al amparo del Artículo 13 no tienen que cumplir con el requisito de numerosidad que exigen los pleitos de clase. Tampoco tienen la obligación de representar adecuadamente los intereses de todos los empleados que estén en circunstancias similares.

Sin embargo, la Regla 20 no exige que las cuestiones de hecho o de derecho surjan del mismo acto, omisión o

evento. Cuadrado Carrión v. Romero Barceló, ante. Para obtener la certificación de un pleito de clase al amparo de la Regla 20 de Procedimiento Civil, se exige, entre otros, que la clase sea tan numerosa que la acumulación de todos los miembros resulta imposible y que los representantes de la clase puedan proteger los intereses de los demás miembros de forma justa y adecuada. Cuadrado Carrión v. Romero Barceló, ante. Luego de que una clase es debidamente certificada, distinto a lo que ocurre bajo el mecanismo del Artículo 13, la sentencia que recaiga en el caso afectará a todos los que pertenecen a ésta, salvo aquellos que soliciten ser excluidos, mecanismo conocido como el "opt-out". Rodríguez Rosado v. Syntex, ante. Dicho de otra manera, los requisitos bajo el Artículo 13 de la Ley 379 no son tan rigurosos como los de un pleito de clase al amparo de las Reglas de Procedimiento Civil.

Otra diferencia entre los mecanismos provistos por el Artículo 13 y la Regla 20 de Procedimiento Civil radica en que, de conformidad con lo resuelto en Rodríguez Rosado v. Syntex, ante, los términos prescriptivos establecidos para la presentación de una reclamación de salarios no se interrumpen con la presentación de una acción representativa al amparo del Artículo 13 de la Ley 379. Allí, entonces, concluimos que, "los términos prescriptivos para aquellos trabajadores que optaron por no incluirse a la demanda continúan transcurriendo." Rodríguez Rosado v. Syntex, ante, pág. 391.

Distinto a lo antes expresado, un caso presentado como pleito de clase bajo las disposiciones de las Reglas de Procedimiento Civil interrumpe automáticamente el término prescriptivo de la acción en cuestión, tanto para los demandantes como para todos aquellos demandantes potenciales que son miembros de la clase, incluyendo a aquellos que desconocían sobre los procedimientos. Incluso, hemos enfatizado que "la presentación de un pleito de clase, cuya certificación es posteriormente denegada, interrumpe el período prescriptivo para los litigantes individuales, potenciales miembros de la clase denegada". Para efectos de reclamaciones individuales, el periodo prescriptivo comenzará a correr, nuevamente, desde la fecha de la denegatoria de la certificación. González Natal v. Merck, ante; Rivera Castillo v. Mun. de San Juan, ante. Así, cualquier individuo podrá presentar una acción independiente dentro del periodo prescriptivo de la ley en cuestión, a contarse desde la fecha de la denegatoria de la certificación de clase.


C

La prescripción es una institución de derecho sustantivo regida por las disposiciones de nuestro Código Civil. El Artículo 1861 del Código Civil, 31 L.P.R.A. § 5291, establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". El propósito de dicha figura es "evitar la incertidumbre de las relaciones

jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono". González v. Wal-Mart, Inc., 147 D.P.R. 215 (1998). La prescripción extintiva evita las consecuencias que genera la resucitación de reclamaciones viejas como la pérdida de evidencia, la pérdida de testigos o dificultad para contactarlos y la memoria imprecisa. Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943, 950 (1991). En particular, constituye una de las formas en que se extinguen las obligaciones, debido a la inacción de la parte afectada en el ejercicio de sus derechos. Galib Frangie v. El Vocero, 138 D.P.R. 560, 574 (1995).

Dicha institución persigue concederle a la parte afectada un periodo de tiempo razonable para ejercer sus derechos y a la vez proteger a la parte demandada de estar sujeta a una posible reclamación de forma indefinida. Rivera Castillo v. Mun. de San Juan, 130 D.P.R. 683 (1992). Al evaluar bajo nuestro ordenamiento civil, cuando debe interrumpirse un periodo prescriptivo, estos intereses deben ser considerados. Id.

Una vez el término prescriptivo en cuestión se interrumpe, comenzará a decursar nuevamente desde el momento en que se produce el acto interruptor. Sánchez v. Aut. de los Puertos, 153 D.P.R. 559 (2001). El Artículo 1873 del Código Civil, 31 L.P.R.A. § 5303, establece que

"[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales [...]". Ello constituye una "manifestación inequívoca" del que posee el derecho y opta por ejercerlo, eliminado así la incertidumbre en las relaciones jurídicas. Sánchez v. Aut. de los Puertos, ante. Lo importante al considerar cuando se interrumpe un término prescriptivo es que la parte demandada quede adecuadamente avisada de la existencia de una reclamación y de la persona o grupo de personas que la comparten.

D

La Regla 13.3 de Procedimiento Civil, ante, dispone los supuestos bajo los cuales se debe retrotraer una alegación enmendada a la original. Ello es posible, siempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, acto, omisión o evento expuesto en la alegación original.

Sin embargo, y como regla general, si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento que determina el término prescriptivo es cuando se incluye el nuevo demandante o demandado por primera vez en la demanda, con excepción de lo dispuesto por las Reglas 15.1, 15.4 y 13.3 de Procedimiento Civil, ante[7], y la

_____

[7] La Regla 15.1 de Procedimiento Civil, ante, provee para la sustitución o ratificación del pleito por la parte interesada cuando no es ésta la que lo insta, mientras que la regla 15.4 se refiere a los demandados de nombre desconocido.

situación en que haya solidaridad entre el demandante o demandado ya incluido en la demanda y el nuevo. Ortiz Díaz v. R. & R. Motors Sales Corp., 131 D.P.R. 829, 837-838 (1992).

En lo pertinente, la segunda oración de la citada Regla 13.3 establece que una enmienda para sustituir a la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original si: (1) la reclamación o defensa expuesta en la alegación enmendada surge de la conducta, acto, omisión o evento expuesto en la alegación original; y dentro del término prescriptivo, la parte que se trae mediante enmienda (2) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (3) de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra.

Surge de la interpretación jurisprudencial sobre el alcance de la Regla 15(c) de Procedimiento Civil federal,[8] Fed. Rules of Civil Proc. 28 U.S.C., de la cual proviene la Regla 13.3 local, que aun cuando la disposición versa sólo sobre enmiendas para acumular demandados, sus requisitos son relevantes, por analogía, para considerar enmiendas que acumulen demandantes. Cliff v. Payco Gen. Am. Credits, Inc., 363 F. 3d 1113, 1133 (11th Cir. 2004); SMS Fin., Ltd.

_____

[8] Nuestra Regla 13.3 es equivalente a la Regla 15(c) federal, antes de su enmienda efectiva el 1 de diciembre de 1991.

Liab. v. ABCO Homes, Inc., 167 F 3d 235, 244-245 (5th Cir. 1999); *In re* Integrated Res. Real Estate Ltd. P´ship Sec. Litig., 815 F. Supp. 620, 642 (S.D.N.Y. 1993). Por otro lado, a pesar de que la aludida Regla se refiere a "sustituir a la parte," la misma ha sido interpretada como que pueden acumularse partes nuevas. Andújar v. Rogoswski, 113 F.R.D. 159 (S.D.N.Y. 1986).

Por consiguiente, para que una enmienda que añada a un demandante se retrotraiga al momento de la demanda original, y que a éste no le afecte el término prescriptivo, la alegación enmendada debe cumplir con varios requisitos establecidos en la Regla 13.3, según interpretados por la jurisprudencia que discutiremos a continuación. En primer lugar, la alegación enmendada tiene que exponer una reclamación que surja de la misma conducta, acto, omisión o evento que la acción original. Además, y como punto crucial, el demandado debe haber tenido conocimiento, dentro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original. Page v. Pension Benefit Corp., 130 F.R.D. 510 (1990); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. J.T.S., 2000, Tomo I, pág. 327. La notificación debe ser tal que el demandado no sufra un perjuicio por el cual no pueda sostener sus defensas en los méritos. Moore, Moore Federal Practice 3ed. T.3, Mathew

Bender, N.Y., pág. 15-91 (2007); 131 Main Street Assocs. v. Manko, 897 F. Supp. 1507, 1521 (S.D.N.Y. 1995).

Para determinar la existencia de tal conocimiento, en algunas instancias, se ha considerado que el demandante original y el nuevo reclamante formen una identidad de intereses fuerte, al punto que la reclamación de uno efectivamente exponga la del otro. *Id.*[9] También, se ha permitido una forma de notificación informal. Andújar v. Rogowski, ante; Wine v. EMSA Ltd. P´ship, 167 F.R.D. 34, 37-38 (E.D. Pa. 1996). Ésta exige que el conocimiento del demandado no sea de una mera causa de acción potencial, sino que de la faz de la demanda se revele la existencia de nuevos reclamantes y, a su vez, que se pueda inferir de algún acto o actuación de los demandantes o del demandado que, de hecho, existen nuevos reclamantes envueltos en la acción. *Id.* Sin embargo, en algunas ocasiones se ha permitido que la notificación se haga fuera del pleito inicial. *Id.*

II

El asunto que hoy nos concierne gira en torno a si el término prescriptivo de tres años, que dispone la antes citada Ley 96 para la reclamación de salarios, se

---

[9] Esta relación se ha encontrado entre una madre y un hijo, Williams v. U.S.A., ante, entre el accionista mayoritario y la corporación, Staren v. American National Bank & Trust Co., 529 F 2d 1257 (7th Cir. 1976); entre otros.

interrumpe mediante la presentación de una demanda al amparo de dicha Ley en conjunto con los remedios provistos por la Regla 20 de Procedimiento Civil y el Artículo 13. Respondemos en la afirmativa. Veamos.

A

En primer término, los demandantes nos solicitan que reevaluemos la norma establecida en Rodríguez Rosado v. Syntex, ante. Aducen que la presentación de una acción en cobro de salarios bajo el Artículo 13 debe tener un efecto interruptor sobre el término prescriptivo que beneficie a todos los empleados situados similarmente. Asimismo, arguyen que las enmiendas a la demanda, basadas en la conducta o los eventos que motivaron la demanda original, se retrotraen a la fecha de ésta.

Por otro lado, cuestionan la razonabilidad de las diferencias trazadas en Rodríguez Rosado v. Syntex, ante, entre el Artículo 13 y la Regla 20 de Procedimiento Civil. Apuntan que nuestro enfoque y análisis fue errado ya que allí la única controversia giraba en torno al posible efecto interruptor del Artículo 13, más no si dicho mecanismo era equivalente a la Regla 20 de Procedimiento Civil. De otra parte, sostienen que, menos aún, nos correspondía determinar, en Rodríguez Rosado v. Syntex, ante, si la Regla 20 de Procedimiento Civil era un mecanismo apropiado para la tramitación de pleitos sobre reclamaciones de salarios ya que el pleito en dicho caso no

fue tramitado bajo dicha disposición, sino exclusivamente bajo el Artículo 13.

Por su parte, Motorola arguye que la norma establecida en Rodríguez Rosado v. Syntex, ante --decisión que, enfatiza, constituye un claro precedente-- nos vincula a los efectos de que la acción representativa al amparo del Artículo 13 no interrumpe el término prescriptivo para presentar una reclamación sobre salarios. Señala que allí también concluimos que las reclamaciones laborales no son susceptibles de ser tramitadas como pleitos de clase.

A juicio de Motorola, las reclamaciones laborales tampoco pueden ser tramitadas conjuntamente como una acción representativa y un pleito de clase, pleito de naturaleza "híbrida". En apoyo a tal argumento, apunta que las cortes federales han adoptado una postura similar. Señala que éstos han resaltado la incompatibilidad de la Sección 16(b) de la FLSA, 29 U.S.C.A. §216(b) --disposición que advino efectiva el 25 de junio de 1938 y es de similar estirpe al Artículo 13-- y la Regla 23 de Procedimiento Civil Federal, 28 U.S.C.A., la cual es equivalente a la Regla 20 de Procedimiento Civil. Continúa argumentando Motorola que, del mismo modo, los foros federales han recalcado que la acción representativa que dispone la Sección 16(b) no beneficia a aquellos que no son parte del pleito. Por último, indica que, para resolver la controversia de autos, es irrelevante si en Rodríguez Rosado v. Syntex, ante, los demandantes desistieron de la tramitación del pleito como

uno de clase ya que las reclamaciones laborales no son susceptibles de ser tramitadas como tales.

En oposición a lo anterior, los demandantes argumentan que la jurisprudencia federal a la cual alude Motorola, y citada en Rodríguez Rosado v. Syntex, ante, no es de aplicación al interpretar el Artículo 13 por ser, en esencia, interpretativa del *Portal to Portal Act* de 1947. Apunta que dicha legislación, que no fue adoptada en nuestro ordenamiento, introdujo enmiendas que alteraron la naturaleza de la Sección 16(b) de la FLSA, y la diferencian del Artículo 13.

Asimismo, los demandantes indican que varias cortes federales han determinado que al tramitarse una acción representativa, el tribunal debe fijar un término razonable para que los empleados se acumulen al pleito; así, los tribunales se aseguran de que no se dilate el descubrimiento de prueba y la celebración del juicio a causa de acumulaciones de demandantes en las etapas finales del procedimiento. Transcurrido dicho término, comenzaría a correr nuevamente el término prescriptivo para aquellos empleados que no solicitaran su inclusión al pleito e interesaran presentar pleitos independientes. Argumentan, en consecuencia, que en el presente caso, hasta que el tribunal de instancia no fije una fecha límite para la acumulación de demandantes adicionales, y no haya vencido la misma, no comenzará a transcurrir otra vez el término prescriptivo de tres años que dispone la Ley 96. Como

consecuencia, sostienen que no procedía la desestimación de la tercera demanda enmendada bajo el fundamento de que las reclamaciones allí expuestas estaban prescritas.

En vista de que las controversias en torno al asunto que hoy nos concierne han sido recurrentes, existen razones de peso que ameritan que aclaremos el derecho vigente y establezcamos la norma a seguir.

B

La demanda sobre reclamación de salarios que motiva el recurso de epígrafe se presentó tanto bajo el Artículo 13 como la Regla 20 de Procedimiento Civil. El Tribunal de Primera Instancia, posteriormente, denegó la certificación de clase. Por consiguiente, nos compete aclarar cuál es el efecto, si alguno, sobre el término prescriptivo para entablar una reclamación de salarios, cuando ésta se presenta tanto al amparo del Artículo 13 como de la Regla 20 de Procedimiento Civil.

En Rodríguez Rosado v. Syntex, ante, los demandantes presentaron una reclamación sobre salarios bajo la Ley 96, el Artículo 13 y la Regla 20. Tras varios trámites procesales, el Tribunal de Primera Instancia paralizó el descubrimiento de prueba hasta que "se dilucidara lo relativo a la certificación del pleito como uno de clase". El 7 de diciembre de 1998, los demandantes desistieron de litigar como una clase. Emitida una sentencia en su contra, los demandantes acudieron a este Tribunal planteando, entre

otros asuntos, que la presentación de una reclamación laboral al amparo del Artículo 13 interrumpía el término prescriptivo de las causas de acción de otros trabajadores que se unieran con posterioridad al pleito mediante enmiendas a la demanda.

Luego de un análisis comparativo entre dicho estatuto y la Regla 20 de Procedimiento Civil, resolvimos --por voz del ex Juez Asociado señor Corrada del Río-- en la negativa. También, indicamos que las reclamaciones presentadas al amparo de una legislación laboral no podían ser tramitadas como pleitos de clase debido a que cada empleado tiene un récord de trabajo particular, trabajó un número distinto de horas, recibió y devengó salarios y beneficios diferentes. De otra parte, concluimos que la presentación de una demanda no brindaría una notificación adecuada sobre las posibles reclamaciones de otros empleados contra el mismo patrono, en contravención a los principios que nutren la doctrina de prescripción extintiva. A tales efectos, destacamos que lo resuelto en Rivera Castillo v. Mun. de San Juan, ante, en torno al efecto interruptor de la presentación de un pleito de clase, aun ante su posterior denegatoria como tal, no era de aplicación a los hechos del caso por tratarse de una reclamación laboral.

Posteriormente, en González Natal v. Merck, ante, resolvimos que una reclamación laboral presentada al amparo

de la Ley 180 y la Regla 20 de Procedimiento Civil[10] --aun cuando posteriormente el tribunal de instancia deniegue la certificación de clase-- interrumpe el término prescriptivo en beneficio de otros demandantes, posibles miembros de la clase que presentaron una reclamación independiente. Los hechos del caso se originaron con la presentación de una demanda sobre salarios por empleados y ex empleados de Merck, quienes también solicítaron se certificara el pleito como uno de clase, solicitud que fue denegada por el tribunal de instancia. Casi un año después de dicha denegatoria, ochenta y seis (86) empleados y ex empleados de Merck presentaron una nueva demanda sobre salarios al amparo de la Ley 96.

Luego de varios trámites procesales, resolvimos, en lo pertinente, que la presentación de la demanda inicial bajo la Regla 20, así como la denegatoria de la certificación del pleito de clase, benefició a los demandantes que instaron el pleito posterior en cuanto al aspecto de la

---

[10] Cabe señalar que aun cuando el Tribunal de Apelaciones señala que las reclamaciones en González Natal v. Merck, ante, fueron presentadas al amparo de la Ley 379, del texto de la opinión que allí emitiéramos no surge expresamente si la reclamación también fue presentada como una acción representativa bajo el Artículo 13. Únicamente se hace referencia directa a la Ley 180. A pesar de que en la demanda, presentada por un grupo de empleados de Merck, Sharp & Dohme, éstos reclamaron el pago de horas y días de trabajo no compensados así como los remedios monetarios que concede el Artículo 13, causas de acción ciertamente habilitadas por la Ley 379, no aludieron a la acción representativa del citado artículo. Como consecuencia, ello también le diferencia de los hechos que motivan el presente recurso.

prescripción. Así, reiteramos la norma establecida en Rivera Castillo v. Mun. de San Juan, ante, a los efectos de que el periodo prescriptivo comienza a transcurrir nuevamente desde la fecha de la denegatoria de la certificación de clase.

Ahora bien, cabe señalar que en Rodríguez Rosado v. Syntex, ante, realmente resultaba innecesaria cualquier discusión en torno a la aplicabilidad de la Regla 20 de Procedimiento Civil a las reclamaciones laborales, en vista de que en momento alguno se alude a la misma y los demandantes desistieron de "litigar como una clase" en una etapa temprana del pleito. Así, la única controversia planteada en dicho caso, versaba sobre la presentación de una acción representativa al amparo del Artículo 13 y si ésta interrumpía los términos prescriptivos para aquellos empleados que optaron no incluirse en la demanda. Por lo cual, lo allí resuelto en torno a la Regla 20 de Procedimiento Civil no pasa de ser _dictum_.

De conformidad con lo anterior, resulta claro que en Rodríguez Rosado v. Syntex, ante, según señala el Tribunal de Apelaciones, la única fuente legal de la acción fue la Ley 379. Por el contrario, en González Natal v. Merck, ante, resolvimos que las reclamaciones laborales no estaban prescritas debido a la previa radicación de un pleito de clase por empleados y ex empleados de Merck y cuya certificación fue denegada posteriormente, interrumpiendo

el plazo en beneficio de otros miembros potenciales de la clase.

### C

Al argumentar sus respectivas posiciones, ambas partes aluden a la jurisprudencia federal relativa a la FLSA.

En Rivera Castillo v. Mun. de San Juan, ante, al destacar que la Regla 20 de Procedimiento Civil proviene de su contraparte federal, reconocimos que "[d]ebido a la correlación entre la regla federal y la nuestra, en términos de su desarrollo, y particularmente, su contenido, la jurisprudencia interpretativa de ésta resulta altamente persuasiva." No obstante, si bien es cierto que hemos reconocido el valor persuasivo de la jurisprudencia interpretativa de un estatuto foráneo, adoptado en parte o en su totalidad en nuestra jurisdicción, siempre es necesario tomar en cuenta --de manera principal-- los principios que rigen nuestro ordenamiento jurídico. Véase P.R. Fuels v. Empire Gas, 149 D.P.R. 691 (1999); Peña Clós v. Cartagena Ortiz, 114 D.P.R. 576 (1983); Pueblo v. Matos Rodríguez, 83 D.P.R. 335 (1961). Así, pues, no podemos adoptar a ciegas la normativa patrocinada por las cortes federales sin un análisis de su aplicabilidad a nivel local.

La Sección 16(b), contraparte federal del Artículo 13, establece el mecanismo apropiado así como los remedios disponibles para los empleados cuando su patrono viola las

disposiciones de la FLSA relativas al salario mínimo y las horas de trabajo. Del mismo modo que el Artículo 13, autoriza la presentación de la reclamación "[…] by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

Indudablemente, en sus inicios, la Sección 16(b) de la FLSA era equivalente al Artículo 13. Incluso, así lo reconocimos en Caguas L.Y., Inc. V. Tribunal Superior, ante. Sin embargo, la posterior aprobación del *Portal to Portal Act* introdujo enmiendas que alteraron sustancialmente su contenido. Entre las enmiendas, cuya aplicación sólo se extiende a aquellas reclamaciones sobre salarios presentadas con posterioridad a su aprobación en el 1947, se dispuso que: "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Desde entonces, la disposición federal adquirió un carácter distinto a la nuestra, ya que el Artículo 13 no exige el consentimiento escrito de los empleados demandantes como requisito para formar parte del pleito. Tampoco exige que dicho consentimiento se presente ante el tribunal en el cual se ventila el pleito. Como consecuencia de ello, únicamente la jurisprudencia interpretativa sobre la Sección 16(b) relativa a reclamaciones iniciadas con anterioridad a la implementación de las enmiendas del *Portal to Portal Act*, nos sirven de norte, y por analogía,

son de gran valor persuasivo al evaluar el alcance y los efectos de las reclamaciones presentadas al amparo del Artículo 13, aunque, aun así, no son de carácter obligatorio.

Las cortes federales han hecho distintas interpretaciones de la acción representativa instaurada bajo la Sección 16(b) de la FLSA. Antes de la aprobación del *Portal to Portal Act*, algunas cortes federales determinaron que la acción representativa bajo la Sección 16(b) interrumpía el término prescriptivo para aquellos empleados en circunstancias similares, o "similarly situated", que solicitaran su inclusión al pleito con posterioridad a la demanda inicial. Igualmente, la inclusión de demandantes en etapas posteriores del pleito se retrotraía a la fecha de la reclamación inicial. Véase Kam Koon Wan v. E.E. Black Limited, 75 F.Supp. 553 (D. Hawaii 1948); Wright v. U.S. Rubber, 69 F.Supp. 621 (D. Iowa 1946); Pentland v. Dravo Corp., 152 F.2d 851 (3er Cir. 1946); Culver v. Bell & Loffland, Inc., 146 F.2d 29 (9no Cir. 1944).

Aun cuando existían interpretaciones variadas en torno a las similitudes entre las acciones representativas y los pleitos de clase al amparo de la Regla 23 de Procedimiento Civil Federal, había consenso en que, distinto a lo ocurrido en los pleitos de clase, cualquier determinación que recayera en un pleito iniciado como una acción representativa sólo afectaría a aquellos empleados que se

incluyeron en el mismo. Véase Kam Koon Wan v. E.E. Black Limited, ante; Wright v. U.S. Rubber, ante; Pentland v. Dravo Corp., ante; Culver v. Bell & Loffland, Inc., ante.

Al interpretar el alcance de la Sección 16(b), los tribunales aludieron a su naturaleza remedial y la interpretación flexible y liberal que debe otorgársele a disposiciones de esa índole, norma que también rige en nuestro ordenamiento. Torres v. Gob. Mun. de Coamo, ante. En Shain v. Armour, 40 F. Supp. 488 (D. KY 1941), al expresarse sobre la naturaleza de la Sección 16(b), el Tribunal de Distrito de Kentucky destacó que "[t]he evident purpose of the Act is to provide [a] law suit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." De modo que sólo es preciso demostrar que los demandantes están "similarly situated", y no es necesario que sus reclamaciones y los remedios solicitados sean idénticos. Meléndez Cintrón v. Hershey P.R., 363 F. Supp. 2d 10 (D. PR 2005); Shain v. Armour Co., ante; Kam Koon Wan v. E.E. Black Limited, ante; Wright v. U.S. Rubber, ante; Culver v. Bell & Loffland, Inc., ante.

No obstante, tras la aprobación del Portal to Portal Act, la gran mayoría de las cortes federales han concluido que el término prescriptivo no se interrumpe en beneficio de aquellos empleados que no consienten por escrito a su

inclusión en un pleito bajo la Sección 16(b). Véase <u>King v. Carey</u>, 405 F.Supp. 41 (D. NY 1975).

Del mismo modo, se ha sostenido, a grandes rasgos, que las reclamaciones sobre salarios al amparo de la FLSA y disposiciones de estirpe similar no pueden ser tramitadas como pleitos de clase bajo la Regla 23 de Procedimiento Civil Federal, ya que la Sección 16(b) de la FLSA ahora requiere el consentimiento escrito de los demandantes, denominado "opt in", para que puedan ser parte en el pleito. <u>Villatoro v. Kim Son Rest</u>., 286 F. Supp. 2d 807 (D. TX 2003); <u>Perella v. Colonial Transit</u>, 148 F.R.D. 147 (D. PA 1991); <u>Kinney Shoe Corp. v. Vorhes</u>, 564 F.2d 859 (9no Cir. 1984); <u>Lombardi v. Altemose</u>, 69 F.R.D. 410 (D. PA 1975); <u>Sims v. Parke Davis & Co</u>., 334 F. Supp. 774 (D. MI 1971); <u>LaChapelle v. Owens-Illinois, Inc</u>., 513 F.2d 286 (5th Cir. 1975).

Por el contrario, se ha resuelto que bajo la Regla 23 de Procedimiento Civil Federal, los miembros de la clase que no quieran participar del caso, y así verse afectados por la sentencia que recaiga en el futuro, deben expresar su interés de ser excluidos del mismo, también conocido como "opt out". <u>Villatoro v. Kim Son Rest</u>., ante; <u>Perella v. Colonial Transit</u>, ante; <u>Kinney Shoe Corp. v. Vorhes</u>, ante; <u>Lombardi v. Altemose</u>, ante; <u>Sims v. Parke Davis & Co</u>., ante; <u>LaChapelle v. Owens-Illinois, Inc</u>., ante.

Ciertamente, la jurisprudencia relativa a reclamaciones presentadas bajo el *Portal to Portal Act* <u>no</u>

es de aplicación en nuestro ordenamiento ya que el requerimiento del consentimiento escrito de los empleados demandantes distingue claramente a la Sección 16(b) del mecanismo provisto en el Artículo 13. A su vez, según enfatizamos anteriormente, hemos establecido que el Artículo 13 y la Regla 20 de Procedimiento Civil no son incompatibles. Véase <u>Caguas L.Y., Inc. v. Tribunal Superior</u>, ante.

D

Los reclamantes alegan que la intervención de los demandantes adicionales se retrotrae a la fecha de la presentación de la demanda original, en virtud de la Regla 13 de Procedimiento Civil, ante. Para determinar si la enmienda a la demanda acumulando demandantes nuevos se retrotrae a la fecha de la alegación original, tenemos que analizar los hechos del presente caso a la luz de la normativa expuesta.

Por disponer de la controversia aquí planteada, examinaremos si se cumple con el segundo criterio esbozado. Nos referimos a que el demandado tuviese conocimiento, dentro del término prescriptivo, de la existencia de la causa de acción de los reclamantes que se quieren acumular como demandantes y de su participación en la acción original.

Para tal determinación debemos evaluar, en primer término, si existe una identidad de intereses fuerte, al

punto que la reclamación de uno efectivamente exponga la de otro. En el presente caso <u>no</u> existe tal relación, ello porque las reclamaciones de los diferentes empleados o ex empleados no son tan similares, de modo que unas expongan las de otros.[11] Las defensas que tiene disponible Motorola contra cada empleado en particular pueden variar, por lo que la demandada podría sufrir perjuicio si posterior al transcurso del término prescriptivo se acumulan nuevos demandantes. Por ejemplo, la evidencia que puede presentar la Compañía para defenderse del reclamo de cada empleado es diferente. En consecuencia, permitir lo que aquí se solicita exigiría a los demandados conservar la prueba de todas las posibles reclamaciones, que se hallen mínimamente relacionadas, mientras esté vivo el pleito, por la mera posibilidad de una demanda potencial; esto impide que la parte demandada aúne sus esfuerzos en defenderse de los reclamos reales.

Por otro lado, en este caso no hubo dentro del término prescriptivo, una notificación a Motorola, judicial o extrajudicialmente, que revelara la existencia de nuevos reclamantes que pudiesen unirse al pleito. Tampoco surge del expediente que ocurriesen actos de los demandantes o del demandado que demuestren la participación de los nuevos reclamantes. <u>Por no cumplirse la notificación requerida, en</u> <u>el presente caso las demandas enmendadas no se retrotraen a</u>

---

[11] Véase: 131 Main Street Assocs. V. Manko, 897 F. Supp. 1507, 1521 (S.D.N.Y. 1995).

la original. Tenemos que ser comedidos al permitir este tipo de acumulación permisible. Ello atentaría contra la economía judicial, al permitir acumular nuevos demandantes durante todo el transcurso de un litigio. Además, crearía un desbalance entre los intereses perseguidos por la figura de la prescripción extintiva.

Al concluir que, en este caso, las alegaciones enmendadas no se retrotraen a la demanda original, necesariamente debemos expresarnos sobre la ley aplicable a las diferentes causas de acción. Como expresáramos antes, y según este Tribunal resolvió en González Natal v. Merck, ante, el Artículo 12 de la Ley 180 que derogó la Sección 32 de la Ley 96 entró en vigor el 28 de julio de 1999. Por lo tanto, a los reclamantes en la demanda original, presentada el 11 de febrero de 1998, y a los acumulados en la primera demanda enmendada del 19 de julio de 1998, les aplica la Ley 96. Por otro lado, los demandantes acumulados mediante la segunda demanda enmendada presentada el 15 de mayo de 2000 se les resarcirá, si así procede, bajo la Ley 180.

E

A raíz de la norma establecida en Rivera Castillo v. Mun. de San Juan, ante, reafirmada en González Natal v. Merck, ante, una reclamación laboral puede ser instada como pleito de clase e interrumpe el término prescriptivo. Esto es, no es correcto afirmar que las reclamaciones laborales no son susceptibles de instarse como pleito de clase. La

determinación de si un caso cumple con los requisitos de la Regla 20 le corresponde al juzgador al evaluar las particularidades del mismo. La materia sobre la que versa el litigio no es razón, por sí misma, para descartar dicho mecanismo procesal. Ello es acorde con los principios de economía judicial que permean nuestro ordenamiento y con el propósito de los pleitos de clase. Si luego de evaluado el caso a la luz de la Regla 20 se determina denegar la certificación del pleito como uno de clase, el término prescriptivo comienza a computarse de nuevo con respecto a las personas en su carácter individual.

Somos del criterio que resulta ilógico concluir que dicha norma no es aplicable meramente porque la acción también fue presentada bajo el Artículo 13; máxime tomando en cuenta que, "[e]n reiteradas ocasiones hemos expresado la regla de interpretación estatutaria aplicable a las leyes laborales en cuanto a que deben interpretarse liberalmente, resolviéndose toda duda de la forma más favorable hacia el obrero, para así cumplir con sus propósitos eminentemente sociales y reparadores." Torres v. Gob. Mun. de Coamo, res. 12 de marzo de 2007, 2007 T.S.P.R. 46.

Si bien el Artículo 13 se diferencia de la Regla 20 de Procedimiento Civil, en tanto no tiene los mismos requisitos y efectos, se han catalogado como armonizables a raíz de su naturaleza similar. Es innecesario evaluar si dicho Artículo de ley es o no igual a la Regla 20 de

Procedimiento Civil ya que, claramente, hemos reiterado que no lo es. De ahí la existencia de dos estatutos independientes. No obstante, las mencionadas diferencias no tienen la consecuencia de que la presentación de la demanda como acción representativa no tenga el efecto de interrumpir los términos prescriptivos para todo posible integrante de la clase trabajadora, como hemos resuelto respecto a los pleitos de clase bajo la Regla 20.

A pesar de las discrepancias entre ambas figuras, su propósito es facilitar la tramitación de pleitos en los cuales están envueltos demandantes numerosos y resultaría sumamente oneroso exigir que se efectuaran reclamaciones individuales. El hecho que los empleados tengan historiales de trabajo distintos y tengan derecho a remedios variados no impide que "uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares" presenten la demanda. A igual conclusión han llegado los foros federales, ya que el requisito esencial es la similitud en las circunstancias de los demandantes. Shain v. Armour Co., ante; Kam Koon Wan v. E.E. Black Limited, ante; Wright v. U.S. Rubber, ante; Culver v. Bell & Loffland, Inc., ante.

Al igual que un pleito de clase, la acción representativa bajo el Artículo 13 advierte al patrono sobre la reclamación de los empleados que forman parte de la demanda inicial, así como de aquellos empleados en circunstancias similares que pueden unirse al pleito

posteriormente. Por consiguiente, cumple con los intereses perseguidos por la figura de la prescripción. El lenguaje del artículo, en torno a que los demandantes comparecen por sí y en representación de empleados en circunstancias similares, es sumamente claro y constituye, indudablemente, una advertencia al patrono.[12] Como consecuencia, es irrazonable concluir que el Artículo 13 no interrumpe el término prescriptivo para aquellos que no se unieron a la reclamación inicial pero pudieran unirse al pleito con posterioridad. Claro está, los que así lo deseen pueden acumularse al pleito dentro del término prescriptivo porque, como podemos observar, la similitud entre las reclamaciones requerida por la Regla 20 y el Artículo 13 para interrumpir el término prescriptivo es menor que la aproximación exigida por la Regla 13.3 para retrotraer las enmiendas a las alegaciones a la demanda original.

Una vez la reclamación inicial ha sido presentada bajo el Artículo 13, el plazo prescriptivo comienza a decursar desde la fecha de la presentación de ésta. Aquellos a quienes les asiste el derecho de unirse al pleito deben hacerlo dentro del término de tres años desde la presentación de la demanda inicial, o perderán su causa de

---

[12] El efecto interruptor que le reconocimos a la Regla 20 de Procedimiento Civil se debió a que dicho mecanismo le advierte a la parte demandada sobre las posibles reclamaciones en su contra, salvaguardando los principios que rigen la figura de la prescripción extintiva. Véase Opinión Concurrente y Disidente del Juez Presidente señor Hernández Denton en Rodríguez Rosado v. Syntex, ante.

acción. Claramente, el derecho que le asiste no puede tener vida eterna, ya que ello contravendría la doctrina de la prescripción extintiva. Del mismo modo, aquellos que deseen presentar acciones individuales pueden así hacerlo, siempre que sea presentada dentro del plazo prescriptivo correspondiente.

La norma que hoy adoptamos es contraria a lo resuelto por este Tribunal en Rodríguez Rosado v. Syntex, ante. Existen importantes razones que ameritan que rectifiquemos lo decidido en aquella ocasión. Este Tribunal ha reconocido en el pasado que una decisión debe ser rectificada cuando sea manifiestamente errónea por lo que no puede "sostenerse sin violentar la razón y la justicia." Capestany v. Capestany, 66 D.P.R. 764 (1946). Por entender que la referida decisión fue producto de un razonamiento erróneo, resolvemos en el día de hoy que las reclamaciones sobre salarios presentadas bajo el Artículo 13 y la Regla 20 de Procedimiento Civil, por sí o en conjunto, interrumpen el término prescriptivo fijado por ley.

Resulta forzoso concluir que en el presente caso, el término prescriptivo de tres años que dispone la Ley 96 para la presentación de reclamaciones sobre salarios fue interrumpido con la presentación de la demanda original bajo el Artículo 13 y la Regla 20. Así, pues, todos los empleados que solicitaron su inclusión en el pleito dentro del término prescriptivo aplicable, que comenzó a transcurrir el 23 de julio de 1998, lo hicieron a tiempo y

sus acciones no están prescritas.[13] Erró el tribunal de instancia al desestimar dichas reclamaciones.

De otra parte, es preciso aclarar que la demanda presentada el 11 de febrero de 1998 y la posterior denegatoria de la certificación de clase, sólo interrumpieron el término prescriptivo de tres años que dispone la Ley 96 para aquellos empleados que fueron despedidos por Motorola con posterioridad al 11 de febrero de 1995. Todos los empleados que cesaron su relación de empleo con Motorola antes del 11 de febrero de 1995 perdieron su derecho a instar reclamaciones bajo la Ley 96 o bajo la Ley 180 por haber transcurrido los tres años para ello. Por ende, a la fecha en que se presentó la demanda el 11 de febrero de 1998, sus reclamaciones ya estaban prescritas. En consecuencia, y según correctamente señaló el Tribunal de Apelaciones, es necesario analizar individualmente la fecha en que los 87 demandantes que fueron incluidos en la segunda demanda cesaron en su trabajo con Motorola. Sólo procede la continuación de las acciones de aquellos que hayan terminado su relación laboral con Motorola después del 11 de febrero de 1995.

---

[13] El Artículo 12 de la Ley 180 instauró un término prescriptivo de dos años para la reclamación de salarios. El 15 de mayo de 2000 se presentó la segunda demanda enmendada. La misma fue radicada en tiempo porque desde el 23 de julio de 1998, fecha en que se denegó la certificación de clase, no habían transcurrido los dos años mencionados.

Por otra parte, la tercera demanda enmendada de 20 de febrero de 2003, mediante la cual se pretendió incluir 257 demandantes adicionales, fue <u>presentada tardíamente</u> ya que habían transcurrido más de tres años desde la presentación de la demanda y, por tanto, sus acciones estaban prescritas. Igualmente, había vencido el término para presentar reclamaciones sobre salarios independientes ya que habían transcurrido más de tres años desde la denegatoria de la certificación de clase. De modo que <u>no</u> erró el Tribunal de Primera Instancia al denegar la tercera enmienda a la demanda.

Las alegaciones formuladas por Arce Bucetta y los co-demandantes en torno a la necesidad de fijar una fecha límite para la acumulación de demandantes aluden a un requisito que, aunque alegan ha sido adoptado por algunas cortes federales, <u>no obra en el texto de nuestro ordenamiento</u>. Además, la imposición de una fecha límite presupone que los demandantes putativos sean debidamente notificados sobre la reclamación presentada,[14] así como el periodo de tiempo disponible para unirse a la misma, requisitos que <u>no</u> contempla el Artículo 13.

---

[14] Las cortes federales han asumido posturas distintas en torno a si procede notificar a los miembros potenciales de una clase sobre su derecho a unirse a una reclamación bajo la Sección 216(b). <u>Meléndez Cintrón v. Hershey P.R.</u>, ante; <u>Kinney Shoe Corp. v. Vorhes</u>, ante; <u>Braunstein v. Eastern Photographic Laboratories</u>, 600 F.2d 335 (2nd Cir. 1978). Sin embargo, ello surge del requisito de consentir por escrito impuesto mediante el *Portal to Portal Act*.

Por otra parte, concluir que una reclamación al amparo del Artículo 13 interrumpe el término prescriptivo, necesariamente implica que dicho plazo, en este caso el de tres años, comenzará a transcurrir nuevamente a partir del acto interruptor, a saber, la reclamación inicial. La fijación de una fecha límite para la acumulación de demandantes derrotaría el propósito de la interrupción del término prescriptivo. Tal razonamiento sólo sería acertado si la presentación de la reclamación inicial no tuviere un efecto interruptor.

Finalmente, somos del criterio de que los tres años, desde que fue instada la demanda bajo el Artículo 13, o desde la denegación de la certificación de clase, es tiempo suficiente para que los interesados se hubieran unido al pleito o hubieran presentado uno independiente. Resolver lo contrario afectaría el balance entre los intereses que persigue la prescripción, es decir, concederle a la parte afectada un término razonable para vindicar sus derechos, sin exponer a la parte demandada a estar infinitamente sujeta a una posible reclamación.

### III

En mérito de todo lo antes expuesto, procede dictar Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para que, tras una evaluación individual de las reclamaciones de los 87 demandantes que fueron incluidos en

la segunda demanda, se determine cuáles causas de acción no habían prescrito a la fecha de la presentación de la demanda, el 11 de febrero de 1998, y se continúen los procedimientos conforme a lo aquí expuesto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Josefa Arce Bucetta y otros | |
| Demandantes-recurridos | CC-2006-547 |
| vs. | |
| Motorola Electrónica de Puerto Rico, Inc. y otros | *CERTIORARI* |
| Demandados-peticionarios | |
| Josefa Arce Bucetta y otros | |
| Demandantes-peticionarios | CC-2006-549 |
| vs. | |
| Motorola Electrónica de Puerto Rico, Inc. y otros | *CERTIORARI* |
| Demandados-recurridos | |

SENTENCIA

San Juan, Puerto Rico, a 9 de abril de 2008

Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para que, tras una evaluación individual de las reclamaciones de los 87 demandantes que fueron incluidos en la segunda demanda, se determine cuáles causas de acción no habían prescrito a la fecha de la presentación de la demanda, el 11 de febrero de 1998, y se continúen los procedimientos conforme a lo aquí expuesto.

Así lo pronunció, manda el Tribunal y certifica al Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emitió Opinión de Conformidad. La Juez Asociada señora Rodríguez Rodríguez concurrió en el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez disintió sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

```
Josefa Arce Bucetta y Otros *
                             *
   Demandantes-Recurridos    *
                             *
                 v.           *        CC-2006-547

                             *
Motorola Electrónica de      *        Certiorari
Puerto Rico, Inc. y Otros    *
                             *
   Demandados-Peticionarios *
****************************        Consolidados
Josefa Arce Bucetta y Otros *
                             *
   Demandantes-Peticionarios*
                             *
                 v.           *        CC-2006-549
                             *
Motorola Electrónica de      *
Puerto Rico, Inc. y Otros    *        Certiorari
                             *
   Demandados-Peticionarios *
****************************
```

Opinión de Conformidad emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 9 de abril de 2008.

Estamos conformes con la Opinión del Tribunal y la determinación de confirmar y modificar la sentencia recurrida del Tribunal de Apelaciones. No obstante, deseamos compartir algunas reflexiones adicionales sobre el curso de acción seguido por la mayoría al adoptar finalmente la norma que anticipamos en la Opinión Concurrente y Disidente que emitimos en Rodríguez Rosado v. Syntex, 160 D.P.R. 364 (2003), hace apenas cinco años. Por entender que dicho curso de acción, sin duda, ha sido el resultado de la continua reflexión de los miembros de este Tribunal sobre las repercusiones que Syntex ha tenido

en el ámbito laboral de nuestro país, nos unimos a la mayoría al rectificar la norma pautada en el mencionado caso.

I

En Rodríguez Rosado v. Syntex, *supra*, este Tribunal estableció como norma que las reclamaciones al amparo del Artículo 13 de la Ley de Horas y Días de Trabajo, Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 282, no tienen el efecto de interrumpir la prescripción de las acciones en beneficio de aquellos trabajadores que se unan con posterioridad al pleito. Para llegar a esta conclusión, el Tribunal resolvió que la acción representativa provista por el Artículo 13 de la Ley de Horas y Días de Trabajo, *supra*, es distinta al pleito de clase provisto en la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III. La mayoría del Tribunal en Syntex utilizó este razonamiento para justificar que a diferencia de un pleito de clase que interrumpe automáticamente los términos prescriptivos para todos los posibles miembros de la clase, la presentación de una acción representativa bajo el mencionado Artículo 13 no interrumpe el término prescriptivo para aquellos trabajadores que no se incluyeron en la demanda original y que se unieron al pleito posteriormente.

En esencia, Syntex tuvo el efecto de que las reclamaciones de todo demandante que intentara unirse a un pleito de esta índole después de pasados los tres (3) años de haber cesado en su empleo estuvieran prescritas. En

nuestra Opinión Concurrente y Disidente, advertimos que esta interpretación no solamente era contraria al espíritu remediador de la Ley de Horas y Días de Trabajo, *supra*, sino que también era incompatible con los propósitos que facilitan las acciones de clase en Puerto Rico. Asimismo, afirmamos que la presentación de la demanda al amparo de la referida disposición, al igual que en los pleitos de clase bajo la Regla 20 de Procedimiento Civil, *supra*, atiende el propósito perseguido por la figura de prescripción de que los demandados estén avisados a tiempo de las reclamaciones en su contra, evitando la resucitación de reclamaciones viejas y las consecuencias que esto conlleva. Por tanto, disentimos del Tribunal en aquel momento porque entendíamos que la presentación de la demanda inicial en ambos casos debía tener el efecto de interrumpir el término prescriptivo para las acciones de todos los empleados o ex empleados representados que conforman la posible clase.

En el caso de autos, Josefa Arce y un grupo de ex empleados de Motorola Electrónica de Puerto Rico presentaron una acción representativa al amparo del Artículo 13 de la Ley de Horas y Días de Trabajo, *supra*, reclamando el pago de salarios adeudados. A su vez, y de forma análoga a los hechos presentados en Syntex,[15] los

---

[15] A pesar de que los demandantes en Syntex desistieron posteriormente de su intención de tramitar el pleito como uno de clase al amparo de la Regla 20 de Procedimiento Civil, *supra*, el *ratio decidendi* de ese caso se basó sustantivamente en una distinción entre la
(Continúa . . .)

demandantes solicitaron que se les certificara como pleito de clase al amparo de la Regla 20 de Procedimiento Civil, *supra*. En su comparecencia ante este Tribunal, nos solicitan —en esencia— que reevaluemos la norma establecida en <u>Rodríguez Rosado v. Syntex</u>, *supra*. Aducen que la presentación de una acción en cobro de salarios bajo la referida disposición debe tener un efecto interruptor sobre el término prescriptivo que beneficie a todos los empleados situados similarmente. Por su parte, Motorola alega, en síntesis, que una acción al amparo de la legislación laboral no puede ser tramitada conjuntamente como un pleito de clase y una acción representativa; y que dicha acción no interrumpe los términos prescriptivos para los trabajadores que no se han unido al pleito.

En el día de hoy, el Tribunal aprovecha esta coyuntura para reflexionar sobre el efecto que tuvo <u>Syntex</u> al limitar el alcance del remedio concedido por el Artículo 13 de la Ley de Horas y Días de Trabajo, *supra*, para los obreros que reclaman su justa compensación por las horas trabajadas. Del mismo modo que recordamos en nuestro disenso en <u>Syntex</u>, este Tribunal ahora reconoce que la acción representativa al

figura del pleito de clase en la mencionada regla y la contemplada en el Artículo 13 de la Ley de Horas y Días de Trabajo, *supra*. La mayoría del Tribunal ahora rectifica esa distinción y esencialmente adopta la posición que asumimos en aquella ocasión al reafirmar que el Artículo 13 y la Regla 20 de Procedimiento Civil no son incompatibles y al aclarar que la materia sobre la que versa el litigio no es razón, por sí misma, para descartar el mecanismo procesal del pleito de clase.

amparo de la referida disposición es precisamente el tipo de reclamación que resulta onerosa formularla individualmente, por lo que la decisión emitida en ese momento constituyó un golpe severo a un sector que este Tribunal debe proteger.

En vista de lo anterior, y con el propósito de rectificar lo resuelto en Syntex, este Tribunal ahora adopta la postura acertada de que las diferencias entre el Artículo 13 y la Regla 20 de Procedimiento Civil "no tienen la consecuencia de que la presentación de la demanda como acción representativa no tenga el efecto de interrumpir los términos prescriptivos para todo posible integrante de la clase trabajadora, como hemos resuelto respecto a los pleitos de clase bajo la Regla 20". Op. may. pág. 38. Endosamos la Opinión del Tribunal, pues al igual que esbozamos hace cinco años, aún entendemos que no existe razón que justifique la distinción que hizo la mayoría en Syntex entre los pleitos de clase al amparo de la Regla 20 de Procedimiento Civil, *supra*, y la acción representativa al amparo del susodicho Artículo 13, con el único propósito de evitar que la presentación de la demanda inicial interrumpa el término prescriptivo para las acciones de todos los posibles trabajadores representados.

## II

Conscientes de la importancia de la doctrina del precedente en nuestro ordenamiento, procedemos a reflexionar sobre el efecto jurídico que tiene el caso de autos ante el desarrollo jurisprudencial del derecho

aplicable. Como bien señala la opinión mayoritaria, este Tribunal ha reconocido en el pasado que una decisión debe ser rectificada cuando sea manifiestamente errónea, por lo que no puede "sostenerse sin violentar la razón y la justicia". Op. may., pág. 40, citando a Capestany v. Capestany, 66 D.P.R. 764 (1946). Es decir, toda vez que una controversia de derecho ha sido deliberadamente resuelta luego de argumentos solemnes, la norma pautada en ésta no debe ser variada a menos que su resolución haya sido patentemente equivocada, por lo cual sería irrazonable e inherentemente injusto reafirmar dicha decisión. Véase Gonzalez Natal v. Merck Sharp & Dohme Quimica de Puerto Rico, Inc., res. 5 de enero de 2006, 2006 T.S.P.R. 2; San Miguel & Cía. v. Guevara, 64 D.P.R. 966, 974 (1945); Banco de Ponce v. Iriarte, 60 D.P.R. 72, 79 (1942).

Un error palpable, que viole la justicia, la razón y el derecho debe corregirse, no importa cuándo ni cómo se haya cometido. Como aclaramos en García Fernández, Ex Parte, 44 D.P.R. 296 (1932),

> "[h]ay casos en nuestra jurisprudencia que tienen tales muestras de festinación y descuido, que exigen reconsideración. Hay algunos de que es necesario prescindir, porque no pueden reconciliarse con otros. Hay viejas decisiones cuya autoridad ha venido a ser anticuada, a causa de un cambio total en las circunstancias del país, y del progreso en la opinión. *Tempora mutantur.* Variamos con el cambio del tiempo, tan necesariamente como nos movemos con el movimiento de la tierra".

No obstante lo anterior, éstos no son los únicos fundamentos para revocar una norma establecida por este

Tribunal. Recientemente en <u>Gonzalez Natal v. Merck Sharp & Dohme Química de Puerto Rico, Inc.</u>, *supra*, emitimos una Opinión de Conformidad en la cual discutimos cabalmente la doctrina de *stare decisis.* En esa ocasión, explicamos que la excepción a dicha doctrina para revocar un precedente se ha aplicado cuando concurren tres criterios, a saber: (1) la decisión anterior era claramente errónea, (2) los efectos de la decisión sobre el resto del ordenamiento son adversos, y (3) la cantidad de personas que confían en la decisión es limitada. *Id.* Citando a William Eskridge, <u>Overruling Statutory Precedents</u>, 76 Georgetown L.J. 1361 (1988); <u>United States v. Reliable Transfer Co.</u>, 421 U.S. 397 (1975).

En el caso de epígrafe, entendemos que concurren principalmente los últimos dos criterios. Ello se debe a que en el día de hoy el Tribunal ha ponderado y reflexionado sobre los efectos jurídicos y sociales de su decisión en <u>Syntex</u> con el fin de determinar si la norma tiene consecuencias indeseadas. Como afirmamos anteriormente, la decisión emitida en aquella ocasión tuvo un efecto nocivo sobre el derecho de los trabajadores del país a reclamar sus salarios. El caso de autos nos brinda la oportunidad de reconocer que la acción representativa al amparo del Artículo 13 de la Ley de Horas y Días de Trabajo, *supra*, es el tipo de reclamación laboral que resulta onerosa formularla individualmente, por lo que no debemos desalentarla con trabas excesivas que no surgen claramente de la

legislación social pero que desafortunadamente se desprendieron de la posición que asumimos en Syntex.

El otro criterio que debemos examinar al decidir si revocamos un precedente jurisprudencial es el impacto que la norma que se pretende revocar ha tenido sobre la vida del público en general. A estos efectos, hemos afirmado que la doctrina de *stare decisis* cobra mayor vigor mientras más amplio sea el número de personas que ha confiado en el precedente. Por el contrario, la doctrina admite más excepciones a medida que el grupo afectado por el precedente sea más limitado. Gonzalez Natal v. Merck Sharp & Dohme Química de Puerto Rico, Inc., *supra*. Cabe señalar que la regla de interpretación estatutaria que reiteradamente hemos aplicado a las leyes laborales incide sobre este criterio. Sabido es que dichas leyes se deben interpretar liberalmente y resolver de la forma más favorable hacia el obrero, así cumpliendo con los propósitos eminentemente sociales y reparadores de la legislación laboral. Torres v. Gob. Mun. De Coamo, res. 12 de marzo de 2007, 2007 T.S.P.R. 46. Sin embargo, la norma pautada en Syntex impactó negativamente los derechos de los trabajadores, un sector significativo de la sociedad que este Tribunal debe proteger y que no ha depositado ninguna confianza en el mencionado precedente.

El caso de autos nos permite rectificar la posición que tomó el Tribunal en Syntex y no tenemos reparos en así

hacerlo. Por ende, estamos conformes con la decisión emitida por la mayoría de este Tribunal.


                              Federico Hernández Denton
                                   Juez Presidente